JACKSON
v.
FERRIS.

JACKSON, *ex dem.* ELIZABETH HUNT, *against* FERRIS.

The testator directed, that in case of a deficiency of his personal estate, some of his real estate should be sold for the payment of his debts; he then devised his real and personal estate to his wife for life, and appointed her and another person, his executors. The widow alone undertook the execution of the will; and the testator having disposed of all his personal property in his lifetime, and dying indebted, the executrix sold and conveyed part of the real estate: Held, that the power was well executed by the executrix alone.

THIS was an action of ejectment for land in the town of *Flushing*, in the county of *Queens*. The cause was tried before Mr. J. *Van Ness*, at the *Queens'* circuit, in *June*, 1817.

The plaintiff's lessor claimed the premises as the only child and heir at law of *Gilbert Field*, who died in possession, about 28 years before the trial. After the death of her father, she married *Thomas Hunt*, who died in 1812. The defendant claimed as purchaser under a power of sale contained in the will of *Gilbert Field*, executed the 20th of *February*, 1788, and the material parts of which are as follows :

" In the first place, I will and order, that all my just debts and funeral charges be paid by my executors hereinafter named, out of my personal estate. If there should not be enough of my personal estate, I will and order some of my real estate to be sold for to pay my debts. *Item.* I give and bequeath unto my wife *Hannah*, the use of all my estate, both real and personal, after the payment of the debts as aforesaid, during her natural life ; and, after her decease, I give and bequeath all my estate, both real and personal, unto my daughter *Elizabeth Field*, her heirs and assigns forever," &c. The testator appointed his wife, and *Jesse Farrington*, his executors, but the former only undertook the execution of the will, and on the 19th of *July*, 1790, conveyed the premises to *John Fowler*, through whom the defendant claims.

The testator, before his death, gave all his personal property to his daughter, who took away almost the whole of it when she married, leaving only some trifling articles with the widow. The testator, at the time of his death, owed some debts, though it does not appear to what amount ; there were, however, his physician's bill, and some other small debts due from him, for the payment of which, with his funeral expenses, the premises in question were sold.

The testator also owned another lot in *Flushing*, which had since been sold by the lessor of the plaintiff.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case in which the above facts were stated.

*Burr*, for the plaintiff, contended, that. the power to sell was a naked power; or, at most, a power to sell on a certain contingency, before the happening of which the executors could not exercise the power. It should have been made clearly to appear, that there was a deficiency of personal assets, and that it was necessary to sell some part of the real estate, before the widow undertook to sell. The existence of debts, and the insufficiency of the personal assets, was a condition precedent; and unless proved, there was no authority to sell. It belongs to the purchaser to ascertain the fact at his peril. (*Dike* v. *Ricks, Cro. Car.* 335. *Culpepper* v. *Aston*, 2 *Chan. Cas.* 221. 223. *Sugden L. of Vend.* 343, 344. 1 *Caines' Cas. in Error*, 15.)

*Brinckerhoff*, contra, said, that the subject of the execution of a power given to executors to sell under a will, had lately been so fully discussed in the court for the correction of errors, that it was unnecessary to repeat the arguments, or to examine the cases which had been cited. They were all to be found in the report of the case of *Franklin* v. *Osgood*, (2 *Johns. Chan. Rep.* 1. *S. C. in Error*, 14 *Johns. Rep.* 527. 560.) He contended, that it was a power coupled with an interest, and was well executed by the widow of the testator, as sole acting executrix. (*Powel on Devises*, 301. *Caines' Cas. in Error*, 15. *Co. Litt.* 113. *a.* 181. *b.* 236. *a.* 292 .*a.* 2 *Ch. Cas.* 115. 220. 223. 2 *Vern.* 302. 568. 2 *Ves.* 590. *Powel on Devises*, 291. 294. 310.)

YATES, J. delivered the opinion of the court. The principles which governed the decision of *Franklin* v. *Osgood*, in the court for the correction of errors, (14 *Johns. Rep.* 527.) and of *Jackson* v. *Burtis*, in this court, (*Id.* 391.) are

applicable to, and fully decide, the present case. The case of *Lessee of Zeback* v. *Smith*, (3 *Binney*, 69.) is also in point.

The testator, in the case before us, gives the power to sell to his executors without naming them, which shows that the authority intended to be given was *virtute officii*, and it being a power to sell for the purpose of paying debts, the exercise of it was necessary to effectuate his intention. (*Pow. Dev.* 297. 307. *Cro. Car.* 382. *Cro. Eliz.* 26.) Besides, it is a power coupled with an interest. The wife, by the will, has a life estate in the premises. In short, the power contains all the requisites to show that it must have survived, and that it could not have been exercised by any person not an executor. The widow, at the time of sale, was the sole acting executrix; and by the statute, (21 *Hen.* VIII. ch. 4. sess. 10 ch. 47. s. 10. 3d of *March*, 1787. 1 *Greenl.* ed. *Laws*, 389. 1 *N. R. L.* s. 11. p. 364. 367.) where any of the executors renounce or refuse to act, the rest may execute the power. There can, therefore, be no doubt that the executrix, who alone qualified, had a right to dispose of the property, and the indebtedness, to authorize the disposition of it, sufficiently appears. The testimony clearly shows that the testator, before his decease, gave all his personal property to his daughter; and that he was considerably indebted, at least for his physician's bill, and other small debts, with his funeral expenses. This is enough, and the property having been sold for its full value, at the time, there is nothing to affect or invalidate the sale made by the executrix. The defendant is, therefore, entitled to judgment.

Judgment for the defendant.