1835.

King
v.
Donnelly.

KING vs. DONNELLY and others.

Where one of several trustees refuses to accept and execute the trust, the
whole estate vests in the others, in the same manner as if he were dead or
had not been named as trustee.

But where land is devised in trust, and all the devisees decline the trust, the
legal estate nominally vests in them for the benefit of the cestui que trusts,
if the trust itself is legal; although the execution of the trust in such a case
devolves upon the court of chancery, under the statute, so that the nominal
trustees may be removed and others appointed in their places if necessary.

A new trustee, under the statute, cannot be appointed except upon the appli-
cation of a party interested in the execution of the trust; or by a decretal
order made in a cause, where such new trustee is proper to carry into effect
the decree of the court.

In a partition suit, where the legal estate in an undivided share of the premi-
ses is in a trustee, if a new trustee is substituted in his place pending the
suit, by an appointment by the chancellor under the statute, the new trus-
tee must be brought before the court by a supplemental bill.

January 20.    THE complainant in this case filed his bill for the partition
of certain premises, an undivided share of which premises
was devised to two of the defendants, in trust, for the use
of the other defendant.    The trustees, who had never acted,
put in an answer and disclaimer, refusing to accept and exe-
cute the trust.    The complainant thereupon applied to the
court, by petition, for the appointment of a new trustee of the
share of the premises which had been so devised in trust.

J. King, complainant, in person.

THE CHANCELLOR.    Where several persons are named as
trustees, and one of them refuses to accept and execute the
trust, the whole estate will vest in the others who act, in the
same manner as if he were dead or had not been named as a
trustee.    (Hamp. on Trust. 90.    3 Paige's Rep. 420.)    It is
otherwise where lands are devised to trustees, and all the dev-
isees decline the trust.    There the legal estate must of neces-
sity vest in the devisees, for the benefit of the cestui que trust,
who is the real object of the testator's bounty, if the trust it-
self is legal ; and they cannot wholly defeat the intention of

the testator by a refusal to accept the trust. But in that case, although the legal estate nominally vests in the trustees designated by the testator, yet, as he cannot compel them to act, against their wills, the execution of the trust necessarily devolves upon the court of chancery. This is a case, therefore, within the equity of the seventieth and seventy-first sections of the article of the revised statutes relative to uses and trusts. (1 *R. S.* 730.) And these trustees, who decline the execution of the trust confided to them by the will of the testator, may be removed by the chancellor, and others, if necessary, may be appointed in their places. The complainant in this suit, however, is not the proper person to ask for their removal and for the appointment of new trustees. The statute directs it to be done upon the bill or petition of a person interested in the execution of the trust. And it is not necessary, for the purposes of this suit, that any new trustees should be appointed; as the nominal trustees in whom the legal estate is vested, and the cestui que trust, who is fully competent to protect his own interest in the trust property, are parties to the suit. The partition, therefore, will be valid without any change of parties. And, upon a final decree in the cause, the court can appoint a trustee; or it may direct the trust to be executed by an officer of the court, if a sale of the premises should be decreed. Should a new trustee be now appointed, it would subject the parties to the expense of a supplemental bill to bring him before the court, before any valid decree could be made of the premises; as the legal estate in an undivided part thereof would then vest in the new trustee thus appointed. (*Lube,* 186.)

Petition dismissed.