### NILES and SHERWOOD *vs.* STEVENS.

Where lands were devised, by a will which took effect before the revised statutes, to an executor and executrix, in trust to sell for the payment of debts and for the division of the surplus among the testator's children, and, *the executor refusing to act*, the executrix proved the will and sold and conveyed a portion of the estate; *held* that the devise vested the estate in the executrix, as though she only had been named, and that her conveyance passed a valid title.

The principle which allows an acting executor to execute the trust to sell land alone, applies as well where a discretion was vested in the executors as where the direction to sell was positive.

Therefore where an executor and executrix, to whom an estate was devised in trust, were authorized to *lease or sell*, and were directed to exercise a "sound discretion" on the subject; *held* that one of them (the other refusing to act) could sell and convey.

EJECTMENT for a farm of 100 acres in Little Falls, Herkimer county, tried in that county in September, 1844, before WILLARD, Cir. Judge. James A. Sherwood, of Little Falls, died seized of the premises in question in 1825, having previously, in that year, made his last will and testament, which has been proved and recorded as a will of real estate; by which will, in the first clause, he appointed his wife Alida, and his

brother-in-law John Hayes, executors. He then proceeds— " and desiring to make suitable provision for the speedy collection of the demands due and to become due me, and the speedy payment of all demands against me ; and to place all the residue of my estate in a productive condition, and providing for the liberal support of my family out of such profits, if sufficient, and if insufficient out of the value and principal of my estate ; securing the comfort of my wife while she shall remain my widow, and leaving to her her right of dower if she shall again marry ; and the education of my children, born and to be born ; and after those purposes answered, to distribute the residue among my children as near as may be share and share alike, to sons directly, and to daughters to their sole and separate use : *Secondly,* I give, bequeath and devise to my executors aforesaid, all and singular my estate real and personal, in law and equity, in possession, reversion, remainder, and in action, acquired and to be acquired, by purchase, descent, distribution or otherwise : to have and to hold the same and every part and parcel thereof to my said executors, their heirs and assigns forever ; to the use of them, their heirs and assigns forever, *in trust* and to the sole and only proper uses, trusts and purposes hereinafter stated and specified, that is to say :"—1st. To collect and pay all debts due to and from the testator ; 2d. To allow the use of certain personal property to his wife ; 3d. To put all the residue of his personal estate into good securities so that it might be productive, and so that the principal might become due by the time his youngest child should arrive at the age of 21 years : " *Fourthly,* in trust that my said executors shall within a prudent and convenient time demise from time to time such and so much of my real estate as they may deem proper, for such periods as they may think best, not extending beyond the period at which my youngest child then living will arrive at the age of 21 years ; and shall and will sell and convey all such parts of my real estate as they shall deem proper, and therefor give proper and sufficient conveyances, with such covenants binding my estate as they shall deem safe ; securing the consideration money by immediate payment, or by bond and

mortgage on interest, on such reasonable time as they may deem meet, not extending beyond the period at which my youngest child then living shall arrive at the age of 21 years." After directions about keeping the money at interest, &c. the testator proceeded—" my executors will exercise a sound discretion in leasing and selling the lands, always desiring to render the same ultimately as productive as may be to the general fund of my estate." 6th. A further trust, should his wife desire it, to purchase a village lot, house and garden, for the use of herself and the family ; or a farm, if she should prefer it—to be paid for out of the profits, if sufficient, and if not, out of the principal and profits of the estate. 7th. A further trust for the wife and family during her widowhood ; and if the profits should not make an adequate provision, then provision should be made by the executors out of the principal and value of the real or personal estate, or both, under the direction of a court of equity. 9th. In trust, to make final distribution of the estate. 10th. A further provision for the wife and children during her widowhood and their minority.

The testator left a wife and four children, all yet living. The wife proved the will, and obtained letters testamentary thereon. *Hayes refused to act as executor, or in any other capacity under the will.*

On the 27th of February, 1844, an order was made by the vice chancellor of the 8th circuit, reciting that Hayes had refused to act as trustee under the will, and that the widow was too inexperienced and incompetent to act as trustee, and thereupon directing the widow and Hayes to convey the estate to the plaintiffs, Henry L. Niles and John A. Sherwood ; and therethat that the widow and Hayes be removed from all power as trustees under the will. On the 29th of the same month the widow and Hayes conveyed to the plaintiffs in pursuance of the order.

The defendant offered to prove that on the 1st of February, 1839, Alida Sherwood, as executrix of James A. Sherwood, conveyed the farm in question to Horatio P. Allen in fee, and also to show a regular deduction of title from Allen to himself. The

Niles *v.* Stevens.

judge rejected the evidence, on the ground that Alida Sherwood alone had no power to convey the land. A verdict having been found for the plaintiffs, the defendant moves for a new trial on a bill of exceptions.

*J. A. Spencer & M. T. Reynolds*, for the defendant, cited 2 *Denio*, 61 ; *Co. Litt.* 112, *b*, 113, *a ;* 3 *Bin.* 69 ; 14 *John.* 554, 391 ; *Sug. on Pow.* 106, 111, 173–5 ; 1 *R. L.* 366, § 11 ; 16 *John.* 167 ; 15 *id.* 346 ; 2 *R. S.* 109, § 55 ; 2 *Paige,* 195 ; 4 *Kent*, 320, 326 ; 5 *Paige,* 46 ; 1 *Caines' Cas. Err.* 15 ; *Ram, Ass.* 75, 6 ; 10 *Peters.* 564.

*Le Grand Marvin & A. Taber*, for the plaintiffs, cited 4 *Kent*, 320, 325, *n.* (*a*), 537 ; 3 *Bibb*, 350 ; 7 *Dana*, 7, 8 ; 21 *Wend.* 430, 448 ; 5 *id.* 224 ; 25 *id.* 224, 235 ; *Lewin, Trusts*, 420, 434, 265, 262, 279, 91 ; 16 *Ves.* 27 ; 19 *id.* 424 ; *Sug. on Pow.* 139 ; *Ambler*, 309 ; 1 *B. & A.* 608 *to* 610 ; 1 *Milne & K.* 561 ; 10 *Bing.* 374 ; 3 *Hare*, 614 ; 1 *Cruise's Dig.* 495, 501. 101 ; *Id. tit.* 12, *ch.* 4, §§ 36, 58, 59 ; 4 *Ves.* 97 ; 2 *id.* 643.

*By the Court*, BRONSON, Ch. J. At the common law, when executors have a mere naked power to sell lands, they must all join in the conveyance, or the title will not pass. But under our statute, which is much like the 21 *H.* 8, *c.* 4, if any of the executors refuse or neglect to act, the sale may be made by those who take upon themselves the execution of the will. (1 *R. L.* 366, § 11 ; 2 *R. S.* 109, § 55.) If the executors are not *directed* by the will to sell, but only have authority in their discretion to make sales, it has been held in Kentucky that the case is not within the statute, and all must join in executing the power. ( *Woodbridge* v. *Watkins*, 3 *Bibb*, 349 : *Clay* v. *Hart*, 7 *Dana*, 1.) The words of our statute favor that doctrine : they are, when any lands shall be *" ordered"* to be sold. But if such be the rule in relation to a naked power, there is room for question whether the construction is not too narrow for a case where the power is coupled with an interest, and is given to the executors *virtute officii.* A power of this kind

survives on the death of one or more of the executors, and may be executed by the survivor: and there is much reason for saying, that the statute has made the refusal of an executor to act, equivalent to his death, for all the purposes of the execution of the power. (*Jackson* v. *Ferris*, 15 *John.* 346; *Jackson* v. *Given*, 16 *id.* 167; *Jackson* v. *Burtis*, 14 *id.* 391; *Franklin* v. *Osgood, id.* 527; *Peter* v. *Beverly*, 10 *Peters*, 532; 4 *Kent*, 326; *Lessee of Zebach* v. *Smith*, 3 *Bin.* 69.) But it is not necessary to dispose of that question at this time; for here is something more than a power. The lands are devised to the executors; and in such a manner as to give them the legal interest in the estate, upon the trusts mentioned in the will. And it is settled, that when lands are devised to two or more persons in trust, and one of them refuses to act, it is a good devise to such as do accept the trust, and the estate vests in them. (*Smith* v. *Wheeler*, 1 *Vent.* 128, 130, *per Hale, C. J.; Crewe* v. *Dicken*, 4 *Ves.* 97; *Nicholson* v. *Wordsworth*, 2 *Swanst.* 369; *Adams* v. *Taunton*, 5 *Mad.* 435, 438; *Bonifaut* v. *Greenfield*, *Cro. Eliz.* 80; 1 *Leon.* 60, *S. C.; Matter of Stevenson*, 3 *Paige*, 420.) It is the same thing, in effect, as though the renouncing trustee had been dead, or had not been named in the will. (*King* v. *Donnelly*, 5 *Paige*, 46.) As Hayes renounced the trust, this was a devise to Mrs. Sherwood alone. She took the whole estate; and along with it she took the power, and assumed the responsibility, of executing the trusts created by the will. In *Bonifaut* v. *Greenfield*, as reported by Croke, one of the four executors to whom the land was devised in trust, refused to act; and it was held, that a sale by the other three was good at the common law; though it was added, that the statute, referring to 21 *H.* 8, *c.* 4, "maketh it clear." It is of no consequence in this case whether the sale stands upon the statute, or the common law; but if the principle be a sound one, that the renouncing trustee is to be wholly disregarded, it is clear that there was a good common law execution of the trust.

If there be any difficulty in the case at the common law, I should agree with what was said in Croke, that the statute

makes it clear. Our statute is broader in its terms than the English statute, and extends not only to cases where lands are ordered to be sold, but to cases where lands are given or devised to executors to be sold. It is a beneficial law, which should be liberally construed. (*Coke Lit.* 113, *a.*; *Roseboom* v. *Mosher*, 2 *Denio*, 61.) And I see no sufficient reason for restricting its influence to cases where there is a positive direction to sell. The fact of devising the land to the executors instead of giving them a mere power over it, shows that the testator intended they should exercise a large discretion. And although the trust was to lease as well as to sell, it is evident from the fact that the testator wished to make the estate as productive as possible, and from the doubt which he expressed whether the income would be sufficient to provide for his wife and children, that he intended a sale of the farming lands, at the least; for in this state such lands will rarely bring a rent which is equal to the interest on the capital for which such property can be sold. And besides, it is highly probable that the final distribution of the estate, which was confided to the executors, will render it necessary to sell the whole or the greater part of the property. The statute can be of little use if it do not cover a case like this.

There are cases where the confidence reposed in the trustees is of such a nature that nothing can be done except in the particular way which the testator has prescribed. It is so where he has omitted to designate the particular objects of his bounty; and has left the selection to the discretion of the trustees. (*Cole* v. *Wade*, 16 *Ves.* 27; *Walter* v. *Maunde*, 19 *id.* 424; *Hibbard* v. *Lambe*, *Amb.* 309; *Down* v. *Worrall*, 1 *Mylne & Keene*, 561.) But there is nothing of that kind in this case. There is no personal confidence here beyond what is common to almost every trust. The testator has directed the executors to " exercise a sound discretion in leasing and selling the lands ;" but that is no more than the law would have enjoined as a duty, without any such direction in the will. We see no good ground for holding that this case should not fall within the operation of the statute.

The deed from the executrix to Allen, and the other conveyances which the defendant proposed to read, should not have been rejected.

New trial granted.