## SUPREME COURT.

In the Matter of the Petition of HENRY CROSSMAN, Executor, Trustee and Guardian under the Will of Austin D. Moore, deceased.

Where by the terms of a will, three *executors* are appointed, who are vested with the title of the whole property, real and personal, upon trust; and are qualified, on the *resignation* of one of the executors and his proper discharge from his office, the *remaining executors are vested with the entire estate.*

Matter of Crossman.

Therefore, where one of three executors on application to the court, for leave to resign his trust and to be discharged therefrom, was by an order of the court duly discharged and his resignation accepted, but the order contained a provision that in case no new trustee should be appointed in his place at the time his accounts should be passed before the referee, then he should, under the direction of the referee, deposit with the N. Y. Life Ins. and Trust Co., all the personal property in his hands, subject to and until the further order of the court, &c.,

*Held,* that this provision in the order was entirely outside of the proceedings and unauthorized. The remaining trustees were vested with the entire estate, and consequently, with the usual incident of the right of possession.

*Second District General Term, January,* 1861.
APPEAL from an order of special term.

JESSE C. SMITH, *for appellants.*
JOHN DYCKMAN, *for respondent.*

By the court, BROWN, Justice. The petitioner and the appellants, Joseph Hegeman and Asa Moore, are the executors and trustees, under the will of Austin D. Moore, formerly of the city of Brooklyn, deceased. The will and codicil was duly proved and admitted to probate by the surrogate of the county of Kings, and letters testamentary thereon, issued to all the executors. The property and effects of the estate, consisted of a large real estate in the city of Brooklyn, a plantation with the stock and furniture thereon in the state of Florida, and stocks, bonds, mortgages and other choses in action, the inventory of which filed by the executors with the surrogate, amounted to the sum of $121,734.10. The will gives and devises the real and personal estate to the executors, upon numerous trusts, in the following words: " I give, devise, and bequeath all my estate, real and personal, to my executors hereinafter named, and the survivor and survivors, and any successor who may be appointed, with full power, during the continuance of the trusts hereby created, to sell, lease and invest for the uses and purposes hereinafter mentioned; to have and to hold unto them or the survivor of them or their successors in trust, for the uses and purposes hereinafter set forth, as

follows." The will then proceeds to create and designate the trusts which it is not necessary to the present inquiry to specify.

These proceedings are instituted by Henry Crossman for leave to resign his trust and to be relieved and discharged from further duty and responsibility in regard thereto, pursuant to section sixty-nine of the act concerning uses and trusts. They have no other object, and the statements and allegations of the petition, are strictly confined to the facts material to enable the court to grant or withhold the relief prayed for. The petition sets out the due execution of the will, the issuing of the letters testamentary, the filing of the inventory and the amount thereof, and that the petitioner with his co-executors have taken upon themselves the burthen of executing the trusts of the will. It then furnishes as a reason for granting the relief, the constant attention which the estate requires, the infirm and indifferent health of the petitioner, and his intention and desire to travel and absent himself from the country. The usual orders of reference were made upon due proof of the service of the papers upon the proper parties. The orders were duly executed, the reports filed and confirmed, and an order of the special term granted, accepting the resignation of the petitioner, and discharging him from all further obligation and duty, as trustee under the will. To this part of the order, no exception is taken; all the parties were satisfied therewith. The order, however, contained this further provision, that in case no new trustee shall be appointed in the place of Henry Crossman, at the time his accounts are passed before the referee, then he shall, under the direction of the referee, deposit with the New York Life Insurance and Trust Company, all the stocks, bonds and mortgages, corporation bonds and other personal securities in his hands, to be kept there under deposit, subject to and until the further order of the court. Such company to keep the principal thereof invested and pay over the dividends,

interest and income thereof, from time to time to the executors, Joseph Hegeman and Asa Moore, for the uses of the will. From this part of the order, the executors, Hegeman and Moore, have appealed.

The bequest of the will, is to all the executors and the survivor or survivors, and any successor who may be appointed. The effect is to vest the legal title to the personal estate in all the executors who qualified, with the right of survivorship, should either die, become incapable of acting, or be removed by the order of a court having jurisdiction of the subject. As to all the world, except the *cestuis que trust*, they were the owners of the property, with the usual incident of the right to the possession. They might be removed from their office and others substituted in their place, by the judgment or decree of the court, upon a petition or bill framed for that purpose, for cause to be alleged and proved, and after being heard or having an opportunity to be heard in their defence. And when so removed and superseded in their office, the trust property would have been passed under the usual proceedings to their successors, who would thereupon have become vested with the legal title. Besides the provisions of the statute, the power to remove trustees is a part of the equitable jurisdiction of the court, "It is not, indeed, every mistake or neglect of duty or inaccuracy of conduct of trustees which will induce courts of equity to adopt such a course. But the acts or omissions must be such as to endanger the trust property, or to show a want of honesty, or a want of proper capacity to execute the duties, or a want of reasonable fidelity." (*Story's Eq. Juris.*, 1289.) In the case of *Ogden* agt. *Kipp*, (6 *John. Ch. R.*, 160,) the chancellor refused to appoint a receiver to take charge of the trust property before the coming in of the answers, declaring that " a trustee is rarely, if ever, divested of his trust, until he has been heard in answer to the charges against him. Nothing but the necessity of the case, such as the danger of irrepar-

able loss can justify a departure from this rule of common justice." Where one of several trustees refuses to accept and execute the trust, the whole estate vests in the others, in the same manner as if he were dead or had not been named as trustee. (*King* agt. *Donelly and others*, 5 *Paige*, 46 ; *In the Matter of Schoonhoven and others, Id.*, 559.) The same result must follow where one of several trustees resigns and is discharged from his office. The remaining trustees are vested. with the entire estate. They are the legal owners and entitled to the possession. In the present case, Joseph Hegeman and Asa Moore are not removed from their office, nor have they resigned. They are, however, by force of the order appealed from, deprived of the possession and control of the trust property which is to be delivered over to the New York Life Insurance and Trust company, which is to hold it and keep the principal of the fund invested at interest, and pay the interest and income from time to time, to the trustees, Joseph Hegeman and Asa Moore, to be applied to the uses of the will. The New York Life Insurance and Trust company are invested with the powers and attributes of a receiver. If Henry Crossman had been the sole trustee, and no successor had been appointed in his place, the order would have been well enough, for some one must hold the property, and permanently or temporarily execute the trust. As there were two of the three trustees still remaining in office, that part of the order appealed from is entirely outside of the proceedings. They are not framed with that object. No one complains of Hegeman or his colleague, Moore. There is not one word in the petition or other papers imputing misconduct, incapacity, want of pecuniary responsibility or fidelity. The testator who knew them, selected them, confided in them, and devised and bequeathed to them his estate. The court has manifestly no power, without cause and without complaint, to interfere with the disposition he has made. The *cestuis que trust*, are entitled upon a proper,

application, to have another trustee substituted in the place of Henry Crossman. But divesting his co-trustees of the possession and control of the estate is quite another thing.

That part of the order appealed from, should be reversed and modified, by substituting the names of Joseph Hegeman and Asa Moore therein, in place of the New York Life Insurance and Trust Company, as the persons with whom and to whom Henry Crossman is to deliver over and deposit the stocks, bonds and mortgages, and other personal securities in his hands, part and parcel of the trust estate, and that such insurance and trust company, and the said Henry Crossman also pay over to the said Joseph Hegeman and Asa Moore, any moneys or funds of the estate, which in the mean time may have come to their or either of their hands. With the necessary modification in regard to the receipt and application of the interest and income, with any moneys received. The costs of the appellants are to be paid out of the fund.