In re SNYDER'S WILL.

(Supreme Court, Special Term, Kings County. July 18, 1912.)

1. PROCESS (§ 137*)—SERVICE—PROOF—AFFIDAVIT.
    An affidavit of service of an order to show cause directed to be made by delivering to and leaving with each of the parties to be served a copy of the order in the same manner as is required for service of a summons, stating that the deponent served the order on two persons "by delivering to and leaving with them * * * a copy thereof," is insufficient to show proper service.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 177–180; Dec. Dig. § 137.*]

2. INFANTS (§ 90*)—APPEARANCE—NOTICE—SUFFICIENCY.
    On an application for the appointment by the court of a testamentary trustee, a notice of appearance signed by a person as special guardian for an infant party, not disclosing the manner of his appointment or showing that he is not connected in business with the petitioner's attorney, although the papers disclose that they have the same office address,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is insufficient to justify the court in proceeding, where proper service of process on such infant is not shown.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 273–276; Dec. Dig. § 90.*]

3. TRUSTS (§ 160*)—APPOINTMENT AND QUALIFICATION OF TRUSTEES—EXECUTOR AS TRUSTEE.

Where a testator reposed a personal confidence in a person named by him as executor and trustee, a person appointed as administrator with the will annexed upon renunciation by the person named in the will did not become the trustee, but a vacancy occurred, and the trust devolved upon the Supreme Court, whose duty it was to appoint some suitable person as trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 204, 207, 208; Dec. Dig. § 160.*]

4. TRUSTS (§ 159*)—QUALIFICATIONS OF TRUSTEE.

The general guardian of a minor who is one of the beneficiaries under a testamentary trust should not be appointed trustee on renunciation by the trustee named in the will, where, under the peculiar nature of the will, her appointment would place her in a position where her interest and duty might conflict.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 206; Dec. Dig. § 159.*]

5. TRUSTS (§ 217*)—MANAGEMENT AND DISPOSAL OF TRUST PROPERTY—INVESTMENTS.

A testator directed the investment of the capital of a trust in real property in a distant state, to be divided into building lots on which cottages should be built and furnished and let furnished to winter tourists, the work to be done under the supervision of a person named, who was to be given a yearly salary for her work and two-thirds of the net income of the trust, the remaining one-third going to the testator's wife and son. The trust estate amounted to less than $2,000. *Held*, that the court having power to direct a different investment than one in foreign real property, if loss would probably result from such an investment and it being improbable that there would be any income for division between the beneficiaries, the court would direct the trustee to invest the fund in the best and safest manner practicable, especially where one of the beneficiaries was an infant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 301–304, 306–309; Dec. Dig. § 217.*]

Application for the appointment of a trustee under the last will and testament of Albanus Hallowell Snyder. Application denied.

John E. Roeser, for petitioner.
Henry A. O'Brien, guardian ad litem.

BENEDICT, J. This is an application, to which no opposition was made, for the appointment by this court of the petitioner as trustee "of the last will and testament of" Albanus Hallowell Snyder, in the place of the trustee named in said will, who renounced the office. The proceeding was begun by the granting of an order to show cause on June 28, 1912, said order containing directions as to the method of service thereof upon the parties.

[1] Although the matter is not opposed, I am obliged to deny the application because the proof of service upon two of the persons upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whom service was directed to be made is defective. These persons are Emma R. Snyder, the widow of testator and Harry Hallowell Snyder, a minor son, upwards of the age of 14 years. The order directed service of the order and petition to be made on them "by delivering to and leaving with each of them, on or before the 8th day of July, 1912, a copy of this order and of said petition in the same manner as is required for service of a summons in actions in this court." The affidavit of service states that the deponent served the "petition and order to show cause on Emma R. Snyder and Harry Hallowell Snyder therein named by delivering to and leaving with them at said time and place a copy thereof at 128 Broadway, borough of Manhattan." So there is no proof that a copy of the papers was delivered to and left with each of the persons named.

[2] The papers submitted contain a notice of appearance by and report of a person who subscribes himself as "special guardian for Harry Hallowell Snyder," but the means by which he became said special guardian is not disclosed by the papers, and, if he has received an appointment under an order, I should wish to be shown that he is not connected in business with the attorney for the petitioner; the papers disclosing the fact that they both have the same office address.

I might properly dismiss the proceeding as it stands without further comment, and leave the parties to renew the application upon sufficient papers, were it not for the fact that I deem it advisable to point out some other considerations which, if the application be renewed in this court, should not be overlooked. The will of the testator was admitted to probate in the Surrogate's Court, Kings county, and the funds of the estate are held by the petitioner herein, who has been appointed both administratrix c. t. a. of the testator and as general guardian of the property of the above-mentioned minor, and she is now seeking appointment at the hands of this court as trustee of the trusts created by the will in place of the trustee who renounced that office. As I shall have occasion to notice later on, the will contains some peculiar provisions, but it does create a valid trust of personal property under the laws of this state.

[3] One and the same person was named in the will as executor and trustee. Upon his renunciation the petitioner was appointed administratrix with the will annexed. But since it is clear that under the will the trust was a personal confidence reposed by the testator in the person named, and not one appertaining to the office of executor, it would in no event pass to an administrator c. t. a. Mott v. Ackerman, 92 N. Y. 539, 553; Dunning v. Ocean Nat. Bank, 61 N. Y. 497, 19 Am. Rep. 293; Hurlburt v. Durant, 88 N. Y. 126. Such being the case, and a vacancy having occurred in the trusteeship, the trust has not ceased but has devolved upon the Supreme Court, and it is the duty of the court to appoint some suitable person to carry out such trust under its direction. King v. Donnelly, 5 Paige, 46; De Peyster v. Clendening, 8 Paige, 296, 310; Burrill v. Sheil, 2 Barb. 457; Matter of Runk, 200 N. Y. 447, 463, 94 N. E. 363.

[4] On account of the peculiar nature of the will, I am quite clear-

ly of the opinion that the court should designate a disinterested person, and not appoint the present petitioner to such position, for the reason that she has already been appointed general guardian of the minor who is the beneficiary of one-third of the net income of the trust, and her appointment would place her in a position where her interest and duty might conflict.

[5] By the terms of the will the trustee is directed to invest the capital of the trust in the purchase of real property at or near St. Petersburg, in the state of Florida, which is to be divided into building lots, and on them the trustee "is to have cottages built and furnished with furniture complete so as they can be let furnished to winter tourists for winter season. Houses are to be scattered on various lots with empty lots between." All of this work is to be done under the supervision of a female person mentioned in the will as "Rose Davis (commonly called Rose Davis Snyder)," who is given a yearly salary for such superintendence and two-thirds of the net income from the trust estate; the remaining one-third going to the testator's wife and son. The total trust estate now amounts to less than $2,000, and, while it may be valid for the settlor of a trust to direct personal estate to be invested in lands and personal property in a foreign state (Burrill v. Sheil, supra), yet that being a very unusual arrangement, and one not permitted unless expressly directed by the settlor or unless in exceptional cases (Ormiston v. Olcott, 84 N. Y. 339), the court is warranted where a loss of the trust estate would be likely to result from such an investment to direct the trustee to invest the fund otherwise than as the will directs, and within the jurisdiction of the court.

In Wood v. Wood, 5 Paige, 596, 28 Am. Dec. 451, Chancellor Walworth held in a somewhat similar case that the trustee is not authorized, even with the assent of the cestui que trust and with the sanction of the Court of Chancery, to do any act which would be a virtual alienation of the trust fund directed to be so invested in trust, but that the court might with the consent of the beneficiaries, authorize the trustee to invest the fund otherwise than as directed, and might in the case of an infant direct his property to be invested differently from that which the testator had directed, where it is manifestly for the benefit of the ward that such change should be made. In the present case the court should conserve the interest of the minor son of the testator who is its ward and interpose its protection of his rights, where it is evident that whatever might have been the propriety and advantage of the testator's plan of investment when the will was made the present size and condition of the fund would render it unwise if not impracticable to carry that plan into execution. The entire fund is now only $1,921. To purchase with this sum two or three acres of land at $100 to $150 an acre in a far distant state, and to build and furnish complete cottages to be rented to winter tourists upon such terms as that, after paying taxes and repairs and a yearly salary of $150 to Rose Davis Snyder, there would be any income of the trust fund left for division between the several beneficiaries, is too chimerical a scheme for a court of equity to sanction,

and it is one which it must be presumed that the testator himself, if he had understood the present situation, would not have directed.

Under such supervening circumstances, the court would be justified in directing the trustee to invest the fund in the best and safest manner practicable. See McIntire v. Zanesville, 17 Ohio St. 352; Perry v. Smoot, 64 Va. 241.

Application refused without prejudice to a renewal on proper papers to be accompanied by a copy of this memorandum.