### HARRIET C. GOULD & others *vs.* GRATIA MATHER.

A testator, in his will, named an executrix and an executor, and gave them all his estate in trust to accumulate for his children for ten years, paying meanwhile the expenses of their support out of the income and investing the balance thereof. In a separate clause he provided that "if it shall be found necessary or expedient to dispose of any of my real property for the benefit of the estate, in the judgment of my executrix and executor, I hereby give them full power to do so and invest the sums so received for the benefit of my children." *Held*, that this power was given to the executrix and executor as an incident of their office, and upon the resignation of one of them the other might exercise it singly.

CONTRACT on the defendant's covenants of seisin and warranty in a deed dated January 10, 1867, by which she, describing herself in the granting clause as "executrix of the will of Ozias H. Mather, late of Boston, deceased," and signing as 'executrix," for the consideration of $13,000 conveyed a parcel of land in Boston to Mary H. Cutts for life and on her death to

the plaintiffs, and covenanted that the grantor was seised thereof in fee simple, and that the premises were free from all incum- brances. The case was submitted to the judgment of the court on agreed facts, of which the following are all that are mate rial

Ozias H. Mather died in November 1864, seised in fee simple of the land in question, leaving a widow, (the defendant,) three sons and a daughter; and left a will, of which the first four clauses were as follows :

" *First.* I do hereby constitute and appoint my wife Gratia Mather to be my executrix and Henry N. F. Marshall to be my executor of this my last will and testament.

" *Second.* I hereby direct my executrix and executor to pay out of my estate all of my funeral charges and my just debts.

" *Third.* I give, devise and bequeath unto my said executrix and executor all of my real, personal and mixed estate, to be held by them in trust for the use and benefit of" the four chil- dren (naming them) " and their legal representatives, for the fol- lowing purposes, to wit: During the term of ten years the said executrix and executor are to cancel and discharge, out of the personal estate or income, all sums of money that may be due or become due upon any and all mortgages of real estate that they may deem expedient and for the interest of all concerned; and from the balance of income that may be left after paying said mortgage debts, and from year to year, the said executrix and executor are to reserve therefrom such a sum of money as they may deem necessary for the support of said executrix, not exceeding her right in and to the estate. During the said ten years the said executrix and executor are to receive out of the personal estate or income such sums as in their judgment may be found necessary for the support of my said daughter and sons, and pay the same over to them, reserving the balance of their yearly proportional part of the income and investing the same for their future benefit and use, to be paid to them at the expiration of the said ten years, or to their legal representatives, said yearly proportional part of each child being one fourth part of the income that shall remain after deducting the expenses of

the estate and the wife's yearly interest. At the expiration of the said ten years, all the real, personal and mixed estate then remaining is to be divided equally between my said daughter and sons, after deducting therefrom the dower of my said wife, to have and to hold the same to them, my said daughter and sons, their heirs and assigns, to their use and behoof forever. And this final division of my estate is not to be made until each child shall have been paid his or her portion of the yearly income invested as aforesaid.

"*Fourth.* If it shall be deemed necessary or expedient to dispose of any of my real property for the benefit of the estate, in the judgment of my executrix and executor, I hereby give them full power so to do, and invest the sums so received for the benefit of my children or their legal representatives."

"This will was duly admitted to probate; and the defendant and Henry N. F. Marshall named therein were duly appointed executrix and executor on November 11, 1864, and severally gave their separate bonds for the due performance of the duties of said trust. In April 1865, Marshall resigned his said office and trust as executor, and his resignation was accepted by the probate court, and no person has since been appointed in his place and stead, but the defendant has ever since performed alone all the duties of said office, and made conveyances of real estate and managed the property of the estate. No person has ever been appointed trustee under the will. It was in fact expedient, and for the benefit of all parties interested in the will and the estate, that the land in question should be sold as it was in this deed; and the sum received, to wit, $13,000, was an adequate consideration, and was applied by the defendant to the benefit of the estate of said Ozias H. Mather. After the death of the testator, his daughter died without issue, and left all her property, by will, to her husband, the said Henry N. F. Marshall; and afterwards, and before the defendant's conveyance to the plaintiffs, the said Marshall, and Henry H. Mather, one of the testator's sons, being of full age, released to the defendant, by deed of quitclaim, all their right, title and interest in and to the land in question."

" If the conveyance and deed of the defendant is valid and good, and the defendant had authority and right to convey in manner and form as therein set forth, then judgment is to be for the defendant; if said deed and conveyance is not good and valid, and the plaintiffs have not thereby a good and valid title to the estate, judgment is to be for the plaintiffs, and the case sent to an assessor to ascertain damages."

*J. B. Richardson,* for the plaintiffs, cited *Barber* v. *Cary,* 1 Kernan, 397; *Bartlett* v. *Sutherland,* 24 Mississippi, 395.

*H. C. Hutchins,* for the defendant, cited *Shelton* v. *Homer,* 5 Met. 463, 465; *Houell* v. *Barnes,* Cro. Car. 382; *Bonifaut* v. *Greenfield,* Cro. Eliz. 80; *Brassey* v. *Chalmers,* 16 Beav. 223, 235 note; *Byam* v. *Byam,* 19 Beav. 58, 66; *Peter* v. *Beverly,* 10 Pet. 532, 563; *Jackson* v. *Ferris,* 15 Johns. 346; *Zebach* v. *Smith,* 3 Binn. 69; *Miller* v. *Meetch,* 8 Penn. State, 417; *Warden* v. *Richards,* 11 Gray, 277; *Putnam* v. *Emerson,* 7 Met. 330; *Franklin* v. *Osgood,* 14 Johns. 527; *Osgood* v. *Franklin,* 2 Johns. Ch. 1; *Tainter* v. *Clark,* 13 Met. 220; *Gibbs* v. *Marsh,* 2 Met. 243; *Blake* v. *Dexter,* 12 Cush. 559; *Whiting* v. *Whiting,* 4 Gray, 236; *Lane* v. *Debenham,* 11 Hare, 188; *Niles* v. *Stevens,* 4 Denio, 399; *Watson* v. *Pearson,* 2 Exch. 581; *Brown* v. *Higgs,* 8 Ves. 561, 569; *Greenough* v. *Welles,* 10 Cush. 571, 576; *Oates* v. *Cooke,* 3 Burr. 1685; *Doe* v. *Woodhouse,* 4 T. R. 89; *Warneford* v. *Thompson,* 3 Ves. 513; *Going* v. *Emery,* 16 Pick. 107, 113; *Hall* v. *Cushing,* 9 Pick. 395; *Dorr* v. *Wainwright,* 13 Pick. 328; *Dascomb* v. *Davis,* 5 Met. 335; *Nash* v. *Cutler,* 19 Pick. 67; *Treadwell* v. *Cordis,* 5 Gray, 341, 358; *Minot* v. *Cushing,* 2 Cush. 377; *Tobias* v. *Ketchum,* 32 N. Y. 319; *Chandler* v. *Rider,* 102 Mass. 268.

AMES, J. The testator, by his last will and testament, appointed his wife to be the executrix, and Henry N. F. Marshall to be the executor; and in the next clause, he directs his executrix and executor to pay out of his estate all of his funeral charges and his just debts. In the third clause, he gives, devises and bequeaths unto his " said executrix and executor " al' of his real, personal and mixed estate, to be held by them in trust for his four children and their legal representatives, for cer-

tain purposes, which he proceeds more specifically to define. The trust is not expressed with the highest degree of technical accuracy and skill; but its general purpose may be said to be, to delay the final distribution of the estate for the term of ten years; to require the executrix and executor, in the mean time, out of the personal estate and income, to make such payments, upon any mortgages of real estate, as " they may deem expedient and for the interest of all concerned ;" to provide for the necessary support of the executrix " from the balance of income that may be left after paying said mortgage debts, and from year to year," not exceeding her right in and to the estate; and to provide for the support of his four children " out of the personal estate or income," and for the investment and accumulation of their portion of the yearly income, not required for their support. There is nothing in the language of the trust to indicate that the testator expected that any part of the real estate would be sold, or needed, for the payment of any of his debts, (whether due upon mortgage or otherwise,) or for the support of his wife or his children. On the contrary, her support is made a specific charge upon the income, or so much as may be left after the payment of such mortgages as may be paid under the discretionary power given to the executors; and the support of the children, though expressed to be chargeable upon the personal property or income, is provided for in a manner which indicates that the testator supposed that the income would be more than sufficient for that purpose. So far as the third clause of the will goes, it furnishes no authority for the sale of real estate of the testator for the purpose of raising funds for the payment of debts, or in fact for any purpose whatever. The only authority given to the executors to sell any portion of the real estate is contained in the fourth clause of the will, and although it is there expressly given, in the most general terms, it is given only for the purpose of changing the form of investment for the benefit of the testator's children, and can only be exercised in pursuance of that purpose. They can sell only for the purpose of reinvesting the proceeds for the benefit of the children

The case finds that the sale made by the defendant was not only believed by her to be, but was in fact, expedient and for the benefit of the estate ; that an adequate consideration was received ; and that the proceeds have been applied to the benefit of the estate; that is to say, as we understand the agreed facts, the sale was in fact made for the purposes, and its proceeds were applied in the manner, prescribed in the will. The question is, whether the executrix (after the resignation of her associate has been offered and accepted, and he has been discharged from his trust) can lawfully execute the power alone, or whether it is a joint power, in the exercise of which both must unite. Is it a power which the testator has seen fit to annex to the office of executor as one of its incidents; or is it a power given to two specified persons in their individual capacity, and on the ground of special and peculiar confidence in their personal judgment?

Upon this question, it is urged on the one hand that the power is purely discretionary, inasmuch as the will gives no positive direction to sell, and does not even express a preference on the part of the testator that there should be a sale ; that the will refers the question whether there shall be a sale or not to the decision of two persons selected by the testator, as if he meant that the question should be decided by their concurrent judgment ; and that it is a power, the exercise of which is not necessary, or at any rate is very far from being indispensable, to the proposed settlement of his estate. And it may be urged that there is nothing in the case to show that the contemplated distribution, at the expiration of the ten years, could not be made without such a sale.

But it is to be observed that the power is not conferred upon the two, by name, as individuals. The testator does not in that clause even speak of them as "my *said* executors;" a form of expression which has sometimes been held to be a designation of persons, as well as a description of office. They are designated only by their official titles as " my executrix and executor." The will, although it postpones the settlement of the estate for a term of years, makes no express provision for the contingency

which must have seemed probable, and which has in fact oc-
curred, that one of the persons charged with the administration
of the estate might cease to act in that capacity.   But we must
assume that the testator did not intend that such an event
should prevent the general course and mode of administration,
which he had seen fit to adopt, from being fully carried out.
On the contrary, the entire estate is devised and bequeathed to
the executors, in order that for the term of ten years the contro'
and management of it shall be wholly in their hands.   The
object which the testator apparently had in view was, that the
administration of his estate should be so conducted that the
property should increase, by means of the accumulation and
investment of all of the income not consumed or expended in
the support of his wife and children.   The power of sale in
question, it is true, may not be, in the literal sense of the word,
indispensable to the final distribution of the estate, but it is
manifestly subservient and auxiliary to the execution of the
trusts, which he has seen fit to connect with the administration
of his will.   It is certainly appropriate to, and in entire har-
mony with, the mode of administration which he has pointed
out, and the functions which he has thought proper to connect
with the office of executor.   It is a part of the executorship, and
is coupled with the title to, and control over, the property, pro-
vided for by the will, appropriate to the execution of the trusts,
and evidently considered by the testator as likely to be found
convenient to the successful management of the property.   At
the end of the ten years, the distribution of the estate, with all
its accumulations and changes of investment, is to be made by
the person or persons who may legally occupy the position, at
that time, of executor or executors of the last will of the testa-
tor.   Upon the resignation of her associate, he parts with all
control over the estate; and the administration, with all the at-
tendant and incidental trusts connected with the executorship,
would devolve upon the executrix.   After that event, he could
hardly be supposed to have, or at any rate is in a position in
which he would not be likely to have, that minute and detailed
information about the condition of the estate that would qualify

him to judge correctly as to the expediency or necessity of making the sale.

Upon these grounds, it appears to us that the power is granted *ratione officii*, as one of the incidents of the executorship, and intended to secure the more convenient and successful administration of the trusts which the testator had in view ; and that it is conferred upon the executors in their official capacity, and not as a mere personal trust in them as individuals. If so, and the vacancy had occurred in consequence of the decease of one of the executors, the power could well be executed by the survivor. The authorities cited by the defendant's counsel are full and explicit upon this point. The rule seems to be the same also, if one of the executors had refused to accept the trust. *Bonifaut* v. *Greenfield*, Cro. Eliz. 80. " If a man maketh his will, and maketh two executors, and willeth that his executors shall sell his land, and dieth, and one of them will not intermeddle, and the other executor taketh the administration upon him and payeth the debts, the sale made by him alone is good." Perkins, § 545. It is difficult to see why a vacancy occasioned by the resignation of one of the two, which is simply a refusal to " intermeddle " or be concerned with the trust thereafter, can stand upon any different ground. The power seems to be not a mere naked authority, but is coupled with the trust of administration, as one of its incidents, and its exercise is a matter of duty and not of mere arbitrary discretion, whenever the necessity for its exercise may arise. " A power is considered as coupled with an interest, where the trustees have a right to the possession of the legal estate, or have a right in the subject over which the power is to be executed." 2 Washb. Real Prop. (3d ed.) 473. The executors in the case before us appear to stand in that position.

Whether, on the assumption that the power to sell remained in the executrix after the resignation of her associate, the deed which she gave is a valid and sufficient execution of the power, is purely a question of intention, and the intention is to be gathered from the whole instrument. All the authorities agree that it is not necessary that the intention to execute the power should appear by express terms or recitals in the instrument. I

is sufficient that it shall appear by words, acts or deeds, demonstrating the intention. Story, J., in *Blagge* v. *Miles*, 1 Story, 426. She in this deed professes to convey land which belonged to the estate of Ozias H. Mather. She does it in the capacity of executrix of his last will, which is equivalent to saying that she is acting under his last will and refers to that will as containing the authority under which she acts. The deed purports to convey what she would have no right to convey except by virtue of the power. It is true that in the same deed she enters into the usual covenants contained in warranty deeds, and that these covenants are binding upon her personally, and not as executrix; but this fact does not change the character in which she conveys. She certainly would have a right, by a separate instrument, to reinforce her conveyance by any personal covenants that she saw fit to make, and there seems to be no incompatibility in doing the same thing by a single instrument. Her deed would at all events operate as an estoppel, to prevent her from reclaiming the one undivided half of the estate conveyed to her by the deeds of Henry H. Mather and Henry N. F. Marshall.

Upon these considerations, and in pursuance of the agreement, there must be　　　　　　*Judgment for the defendant.*