NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE.—
February, 1877.

MATTER OF BERNSTEIN.

*In the matter of the application of* ISRAEL J. SOLOMON *to be allowed to resign and be discharged as executor and testamentary trustee under the will of* ZION BERNSTEIN, *deceased.*

The provisions of the constitution of the State of New York (art. 6, sec. 6) conferring general jurisdiction in equity upon the Supreme Court, does not operate as a prohibition on the legislature from conferring upon other

MATTER OF BERNSTEIN.

courts of the state the power to exercise equity jurisdiction—e. g., from conferring on the Surrogate of the City and County of New York authority to accept the resignation of a trustee and discharge him from his trust,—and the act (L. 1870, c. 359,) conferring such power on that Surrogate is not for that reason unconstitutional.

The act (L. 1870, c. 359,) entitled "An act in relation to proceedings in the Surrogate's Court in the City of New York and to the powers and jurisdiction of the Surrogate thereof" is not in contravention of art. 3, sec. 6, of the Constitution, which provides that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

Where one of several (three) executors and trustees under a will, after having qualified and joined in making and filing an inventory, had no management or control of the estate, all of which was in the possession of his co-executors and trustees, who, without objection on the part of those interested, had entire control of it, the surrogate of New York county, under the powers conferred on him by L. 1870, c. 359, accepted his resignation and discharged him as executor and trustee. *Held* that the fact that there was real estate over which the executors had a power of sale, was not ground for refusing to accept the resignation, since the power could be exercised by the remaining executors.

This was an application for the release and discharge of Israel J. Solomon as executor named in the will of the testator.

The petition set forth that the testator died July 1st, 1874; that July 25th, in the same year, his will was admitted to probate, and letters testamentary were granted to Isaac Bernstein, Henry Goldsmith, and the petitioner, all of whom qualified; that the testator left real and personal estate; that the appraised value of the personalty was $19,000.33, and an inventory was filed thereof; that petitioner had not possession or control of any part of the property, but the control and management of the estate had been entirely in the hands of the other executors named; that the widow of the testator was a very aged person, and resided with, and under the control of, the executor Bernstein; and that the will devised to the widow during

her life all the property not specifically bequeated to others, also the use of his plate, furniture, and all rents, profits and income of his real and personal estate. The petition also set forth the names of the heirs and next of kin, and of the persons interested in the will.

The relief sought was opposed in behalf of several heirs and next of kin, on the ground that the petition did not allege facts sufficient to warrant the discharge of the executor, and because this court had no jurisdiction to grant the order, and they alleged that the executor making the application claimed commissions, though he had not performed the duties of an executor, and that the will made the executors testamentary trustees, as well as executors.

P. J. JOACHIMSEN, *for the petitioner.*

M. S. ISAACS, *for the devisees.*

THE SURROGATE.—An examination of the will shows indisputably that the petitioner, with the other executors, is made a trustee as well as executor.

The counsel opposing the revocation of the letters, and the discharge of the petitioner, objects to the jurisdiction of this court, and claims that the power resides exclusively in the Supreme Court, especially because a new trustee must be appointed in his stead.

Prior to the statute of 1870, it is clear, on well settled authority, that the surrogate had no such power. By section 69 of 1 *Rev. Stat.* 680, the court of chancery is invested with authority to accept the resignation of a trustee and discharge him

from his trust, under such regulations as are established by the court, upon such terms as the rights and interests of the persons interested in the trust may require, and it is clear that the *Revised Statutes* gave no authority to the surrogate to accept any such resignation; but the act of 1870 (chapter 359, section 3,) provides that upon the application of any executor, &c., or testamentary trustee, named in any will, on notice to the persons interested in the estate, the surrogate may, by his order, revoke such letters and discharge such executor, administrator, collector, testamentary trustee, or guardian from his trust, upon such terms and conditions as, in his judgment, may be proper for the security of the estate, and thereupon issue letters of administration with the will annexed, or letters of collection, or appoint a successor to such trustee or guardian.

This provision seems to confer full authority upon this court to grant the relief sought, provided the surrogate shall be of the opinion that a proper case is made for that purpose, and the only suggestion of a doubt upon that subject is that the act of 1870 is unconstitutional, upon the ground that it seems to confer this enlarged power upon a single surrogate, and because the Supreme Court has, by the Constitution, general equity jurisdiction, (section 6 of article 6 of the Constitution). I am unable to appreciate the argument that because the Supreme Court has general jurisdiction in law and equity, therefore the legislature has not the power to confer like jurisdiction upon other courts; indeed such an argument would seem to prevent the Legislature extending equitable jurisdiction to any other.

The provision of the Constitution does not purport to be, nor was it intended to be exclusive, and no good reason is shown why all the powers conferred upon the Supreme Court of this state, may not be conferred upon any other court of the state unless prohibited by some provision of the same Constitution.

It is also objected that the act in question is obnoxious to the provisions of the state Constitution, that no private or local bill which may be passed by the legislature shall embrace more than one subject. The act in question has for its title "An act in relation to proceedings in the Surrogate's Court in the City of New York, and to the powers and conditions of the surrogate thereof." This certainly is sufficiently explicit as to the statement of the subject of the act under section 16 of article 3 of the Constitution, and to require a fuller statement of the subject of the enactment would, it seems to me, involve the insertion in the title of the act of all its provisions, and it is certain that the act embraces but one subject, to wit: the proceedings, powers and jurisdiction of the surrogate mentioned in the act.

I am not called upon in this proceeding to determine as to the validity of the several bequests contained in the will. Having satisfied myself as to the authority of the court to consider the ground of relief prayed for, it becomes necessary to determine whether sufficient grounds for that relief are stated in the petition, which are substantially, that the petitioner has not had anything to do with the estate, except in respect to making and filing of the inventory, and that the other executors and trustees have entire control of the

estate, and they seem to have had such charge without objection on the part of those interested in the estate. As there is no suggestion that the estate will be jeopardized by his removal, and he seems to be unnecessary to its security, and as it is suggested that there is a disagreement between the executors, it is probable that the interests of the estate will be best subserved by a revocation of his letters, which may be done on his accounting satisfactorily in respect to the estate,—which seems to have been done by a statement in what is denominated his account, that he has had nothing to do with the assets, nothing in his possession or control.

Let an order be entered discharging the executor.

On an application subsequently made to the surrogate to settle an order based upon the foregoing decision granting the petition, it was suggested that the life tenant had died, and that certain real estate had to be conveyed in execution of the trust, and that the removal or resignation of one trustee would involve the necessary expense of an appointment of a successor, or leave a doubt as to the validity of a conveyance by the surviving trustees.

THE SURROGATE.—It is suggested by the petitioner and executor, that if he shall assume to act as such, conjointly with the other executors in the conveyance of the real estate, he would be liable to be made responsible for the acts of the other executors, as to which he has had no responsibility. Section 69, 1 *Rev. Stat.* 680, provides that the Court of Chancery, on the petition of any trustee, may accept his resigna-

tion, and discharge him from the trust. Section 70 provides for the removal of such trustee for violation of his trust, for insolvency, or apprehended insolvency, or for any other cause making him unsuitable. Section 71 provides that the chancellor shall have power to appoint a new trustee in place of the one resigned, or removed; and when in consequence of such resignation, or removal, there shall be no acting trustee, the court may appoint new trustees, or cause the trust to be executed by one of its officers under its control. By this latter section it is clearly intimated that if there be an acting trustee left after the resignation, or removal of others, there will be no need of another appointment.

Several authorities are cited to the point, that where there are three trustees, and but two join in a conveyance, the third being alive, the conveyance is void; but those cases are no authority for the doctrine that surviving executors or trustees may not make the conveyance, indeed the case of Leggett *v.* Hunter, (25 *Barb.*, 81) cited by the proctor for the devisees holds substantially that the surviving executors, or a trustee qualifying, the other failing to qualify, may make a conveyance, and in that case on appeal (19 *N. Y.*, 445,) it was held that where two executors have renounced, the sole executor who qualified took all the powers conferred upon the three nominated in the will, and in the capacity of trustees, as well as executors.

In Quackenboss *v.* Southwick, (41 *N. Y.*, 117,) it is held that the court has power on petition to remove a trustee, and one upon whom, by the terms of the will

naming him executor, as such executor an express trust is conferred, and that although he has not at the time completed his duties as executor; and that the removal of such trustee was proper, where the relations between him and his co-trustee were such, that they would not probably co-operate in carrying out the trusts bene-ficially to those interested, and the majority of the beneficiaries asked for such removal, and it was not essential whether such relation originated by the fault, or misconduct of the trustee sought to be removed.

These authorities seem to fully sustain the theory of the statute to which I have referred, and I entertain no doubt, either as to the authority of this court to accept the resignation of, or discharge a trustee, or that the surviving trustees have full power to execute the trust without the necessity of a new appointment.

I do not deem it necessary to consider the question of the authority of this court to remove an executor or trustee, for it is clearly given by the statute of 1870 referred to in my former opinion, and there seems to be no embarrassment to the estate by the resignation and discharge of the executor, and trustee Solomon.

Let an order be submitted for signature.