LEOPOLD LOEB, Plaintiff, *v.* WILHELMINE HASSLACHER, Individually and as Executrix, etc., of JOSEPH HASSLACHER, Deceased, Defendant.

First Department, May 2, 1924.

Wills — construction — devise of one-half of property to wife for life with power to sell real estate with consent of co-executor — co-executor died — consent of co-executor not necessary to marketable title to real estate — res judicata — judgment in action in Supreme Court to construe will is res judicata — Supreme Court had jurisdiction of said action.

Under a will which devises one-half the property of the testator to his wife for life with remainder to his children and which provides that the wife may sell the realty upon obtaining the consent of her co-executor to the sale, and that in the event of a sale the wife shall have the right to use so much of the proceeds for her own benefit as she may desire, the death of the co-executor without his consent having been obtained for the sale of the real estate, does not destroy the power of sale and the wife may give a good and marketable title to the real estate, since it was evidently the intention of the testator to permit his wife to have the right to use the entire proceeds of the sale, and if the consent of her co-executor were necessary then the intent of the testator ~~would~~ be frustrated.

A judgment in an action in the Supreme Court brought for the purpose of construing the will in which all the persons in whom any interest in the property was either vested or contingent were parties, is *res judicata* in this action on the power of the wife to convey a good title to the premises.

The Supreme Court had jurisdiction of the prior action since it was expressly stated in the complaint to be and was maintainable as an action to determine the validity, construction and effect of a testamentary disposition of real property.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Charles M. Norden,* for the plaintiff.

*Fred L. Gross,* for the defendant.

FINCH, J.:

The parties entered into a contract for the sale of real property by the defendant to the plaintiff, the latter paying $1,000 on account. At the time set for the closing, both parties tendered performance. The plaintiff, however, refused to accept the deeds tendered by the defendant upon the ground that the defendant could not convey a marketable title to the premises.

The defendant and her deceased husband each owned an undivided one-half of the property. The husband died on December 6, 1904, leaving a will in which he gave his one-half of the property to his wife for life with a remainder to his children. The will provided that the wife might sell the realty upon obtaining the consent to the sale of her co-executor, Jacob Hasslacher, and in the event of the sale the wife had the right to use as much of the proceeds for her own benefit as she might desire. The will appointed the defendant and Jacob Hasslacher, who has since died, executors with power to sell and convey the real estate. ·

The plaintiff contends that the death of Jacob Hasslacher without his consent having been obtained for the sale of the real estate, destroyed the power of sale.

The principles of law which govern the disposition of this case have been clearly defined, leaving only the question of into which category the terms of the will place the case at bar. On the one side, we have the rule that where a power is given to executors or trustees *ratione officii* and one or more of such persons dies before the execution of such power, the power may be executed by the survivor or survivors. (Real Prop. Law, § 166; *Striker* v. *Daly, No. 2,* 175 App. Div. 620; affd., 223 N. Y. 468.) On the other hand, we have the rule that where the consent of a third person to the execution of a power is requisite, the death of such third person renders the exercise of such power impossible. (Real Prop. Law, § 173; *Gulick* v. *Griswold,* 14 App. Div. 85; affd., 160 N. Y. 399.) As noted, therefore, into which category does the will of this decedent fall? This must be determined by ascertaining the intent of the testator as disclosed by the language of the will.

It is to be noted that the testator in referring to the consent to be obtained always speaks of the consent by his executor, Jacob Hasslacher. In other words, there is thus presented a patent ambiguity appearing upon the face of the will as to whether the testator provided for this consent merely as an incident attaching to the office of executor or as the consent to be obtained of a third person. Any such ambiguity must be resolved in favor of the former construction, since the intent of the testator is so plain that he desired to permit his wife to have the right to use the entire

proceeds of the sale of the real estate for her own use and benefit, leaving only to the children so much, if any, as may remain after consumption by the wife. If the construction contended for by the plaintiff is adopted and the wife is deprived of the sale of the real estate by the death of her co-executor, then the chief intent of the testator is frustrated. The will provides:

" But after the sale of any of my said real estate as aforesaid, my said wife having first obtained her co-executor's consent to sell the same as aforesaid, my said wife shall have full power to dispose during her life time for her own use and benefit so much of the proceeds of whatsoever kind they may consist, of such sale as she may desire.   *   *   *

" Upon the death of my said wife, I give, devise and bequeath to my children now living, and to those who may hereafter be born, if any, all my said real and personal estate, or so much thereof as may remain after the consumption by my said wife as aforesaid.   *   *   * "

From the foregoing, it is clear that the provision as to the consent of the executor, Jacob Hasslacher, was entirely for the benefit of the defendant, who was the beneficiary of the entire estate with power to dispose of the same for her own use during her life. Under such circumstances, independently of any statutory provisions, the provisions of the will will not be so construed as to deprive the beneficiary of the right to the beneficial use of the property upon the death of one whose consent was to be obtained to the sale thereof. (*Phillips* v. *Davies*, 92 N. Y. 199.) This requires a decision in favor of the defendant.

A similar result is likewise reached upon the ground that on May 10, 1922, a proceeding was brought in the Supreme Court in Kings county by this defendant, praying for the construction of the will, and in said action it was held that the plaintiff therein — the defendant herein — could convey a good title to said premises and that the consent of Jacob Hasslacher was unnecessary. Since the defendant widow and the three children of the testator, including a child of one of said children, were parties to the action, and since these were all those living in whom any interest in the property was either vested or contingent, save only the possibility of the estate opening to let in the contingent remainders of unborn children, the judgment is *res adjudicata* and is binding upon this court. (*Hess* v. *Hess*, 233 N. Y. 164.) The plaintiff contends that the Supreme Court did not have jurisdiction of such an action. There is no merit to such contention since the action was expressly stated in the complaint to be and was maintainable as an action to determine the validity, construction and effect of a testamentary

disposition of real property. (Decedent Estate Law, § 205, as added by Laws of 1920, chap. 919; formerly Code Civ. Proc. § 1866; *Monypeny* v. *Monypeny,* 202 N. Y. 90.)

It follows that the decision of this cause should be in favor of the defendant and in accordance with the stipulated offer of judgment. The defendant is hereby awarded judgment requiring the plaintiff to specifically perform the aforesaid agreement, without costs, as provided in the submission.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment directed for defendant, without costs. Settle order on notice.