WILLIAM H. KISSAM, Surviving Trustee, etc., Appellant, *v.* HUBERT DIERKES et al., Respondents.

A condition attached to a power of sale contained in a trust deed, that the trustee shall only sell by and with the consent of the grantor, to be manifested by his uniting in the conveyance, is valid. It is an essential condition and cannot be dispensed with. If no provision is made for the execution of the power in case of the death of the grantor, it is extinguished by such death.

(Argued May 27, 1872; decided June 11, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant Dierkes, entered upon the decision of the court at Special Term.

This action was brought to compel the specific performance of a contract made 10th of August, 1868, between plaintiff and defendant Dierkes, for the purchase and sale of a lot of land known as No. 25 Grand street, New York city, for

the sum of $8,500. Dierkes refused to perform, upon the ground that the plaintiff had no power to convey.

Prior to 1856 Eliza B. Holsman was the owner of the premises. In September of that year she married Richard S. Howell. In October she and her husband joined in a trust deed of the premises to Catharine Holsman and plaintiff. The deed conveyed the land to the grantees in trust, to receive the rents and profits and apply them to the use of Eliza B. Howell, during her life, and, after her death, to the use of Richard S. Howell, during his life; or, in case said Eliza should leave issue surviving her, then to the use of said Richard and such issue during the life of Richard, and upon the death of Richard, the said Eliza B. Howell not having appointed the estate by will, remainder in fee to her legal representatives, as in the case of intestacy.

After making these provisions, the deed empowers the trustees, " whenever they shall deem it proper to do so, by and with the consent of said Eliza, manifested by her uniting with them in the execution of any conveyance, to grant, bargain, sell, assign and transfer, absolutely or conditionally, any part or portion of the estate."

Catherine Holsman died in 1863 ; Eliza B. Howell died intestate in 1864. The court held that after her death the trustees had no power to sell; that the power then lapsed.

*Benjamin T. Kissam* for the appellant. A grantor of a power cannot limit its execution by his own consent. (1 R. S., 736, § 122 ; *Barber* v. *Cary*, 11 N. Y., 397.) The power of sale is valid, and the surviving trustee can execute it. (1 R. S., 732; *Belmont* v. *O'Brien*, 12 N. Y., 394.) The rule of the statute in reference to powers is exclusive of all others. (*Hawley* v. *James*, 16 Wend., 137; *Campbell* v. *Low*, 9 Barb., 590; *Jackson* v. *Edwards*, 7 Paige, 399 ; *Hoey* v. *Kinny*, 25 Barb., 399.) Parties cannot agree upon any other mode of execution. (*Lawrence* v. *F. L. and T. Co.*, 13 N. Y., 211.)

*Osburn E. Bright* and *Edward Mitchell* for the respond-

ents. Trustees, when authorized to sell, can do so only in the mode prescribed in the instrument conferring the authority. (Hill on Trustees, 478, and cases cited; *Hawley* v. *James*, 16 Wend., 61; *Nicoll* v. *Walworth*, 4 Den., 385.) The condition attached to the power was valid, and the power was extinguished by the death of Mrs. Howell. (*Wright* v. *Wakeford*, 17 Ves., 454; *Hawkins* v. *Kemp*, 3 East, 410; *Doe Mansfield* v. *Peach*, 2 Maule & Selw., 576; *Barber* v. *Cary*, 1 Ker., 397; *Bateman* v. *Davis*, 3 Madd., 98; *Atwater* v. *Birt*, Cro. Eliz., 856; *Sykes* v. *Cleveland*, 3 Law J., 181; *Danne* v. *Annas*, Dyer, 218.) The power given to the Supreme Court to supply a defective execution of a power, relates merely to the manner of execution. (1 R. S., 736, §§ 121, 131, 132; *Cruger* v. *Jones*, 18 Barb., 472; *Cockerel* v. *Cholmeley*, 1 Rus. & Myl., 418.)

Rapallo, J. The power authorized the trustees to sell the trust property only by and with the consent of Mrs. Howell, to be manifested by her uniting with them in the conveyance. This was a valid condition attached to the power. Mrs. Howell was thereby guarded against any sale being made without her personal sanction. Such must be deemed to have been her intention in annexing this condition to the power. No provision is made for the execution of the power in case of her decease. It could, therefore, only be executed in her lifetime. There is nothing in the Revised Statutes which prohibits the annexing of such a condition, or permits it to be disregarded. Mere formalities prescribed by the grantor as to the manner of executing a power, may be dispensed with, but essential conditions cannot. Section 120, 2 R. S., 736, clearly recognizes the right of the grantor to annex conditions, and permits such only as are merely nominal, to be disregarded. This condition is not of that character. Section 121 expressly requires that, with the exception mentioned, the intentions of the grantor as to the conditions of the execution of a power shall be observed. Section 122 relates merely to the manner of authenticating the consent of a third

party, when such consent is a condition. Whether one of the grantors of the power would come under the designation of a third party as used in that section, is not very material to the present case, though we think that the correct construction of the section would require an affirmative answer to that question if it arose. The section relates to the execution of the power and not to its creation. To a deed in execution of a power of sale, the necessary parties would be the donee of the power and his grantee. The grantor of the power would be a third party.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.