WILLIAMS, J.
— There seems to be no doubt that a valid trust was created by the marriage settlement agreement, and that such trust, being for the benefit, not only of Madame Von Linden, bather appointees or descendants, was irrevocable.- The trustee had no power to transfer the mortgage without the written consent of Madame Von Linden. The agreement so provided, and the trustee had no power to dispose of trust estate, or any part of it, except such power as he derived from the instrument creating the trust. While in some cases such power might be implied from the nature of the trust and the provisions of the trust agreement, yet where, as in this case, it was provided there should be no disposition of the trust estate except with the written consent of Madame Von Linden, no such powér can be implied, and no transfer can be made unless there was á compliance with the conditions prescribed in the trust agreement. The provision in the agreement necessarily excludes all other powers. Kissam v. Dierkes, 49 N. Y. 602; O’Connor v. Waldo, 83 Hun, 489; 65 St. Rep. 1.
When the plaintiff took the assignment of the mortgage from the trustee, he knew that the mortgage was part of the trust estate ; the assignment was in the name of the trustee. And, this being so, he was bound to inquire and ascertain what the terms of the trust agreement were, and what powers the trustee had as _ to the disposition of the trust estate. It is said that the plaintiff was only bound to inquire whether the trustee under the agreement had a general power to change the securities, to vary the investments, and, if he had, that the plaintiff would be protected in taking the assignment, if he acted in good faith. Perry, Trusts & Trustees, §§ 225, 814. That might be true in a case where the agreement merely provided for a change of securities, the varying of investments, in general terms ; but where, as in this case, the power to so change securities and vary investments was limited by the condition requiring the consent of the cestui que trust, the inquiry to ascertain whether the power existed at all would disclose the limitation. " '
. It was said by Andrews, C. J. (Kirsch v. Tozier, 143 N.Y. 395; 62 St. Rep. 439); that:
“Persons dealing with a trustee must take notice of the scope of his authority. An act within his authority will bind the trust estate or beneficiaries as to third persons acting in good faith and without notice, although the trustee intended to defraud the estate, and actually did accomplish his purpose by means of the act in question. It has frequently been held that a person, dealing with an executor or trustee, who, from the nature of his office and the terms of the trust, has power to satisfy or transfer securities of-the estate or to vary the investments from time to time, is not bound to go further and ascertain whether in fact the act of the executor or trustee is justified, and that no breach of trust was intended. It is sufficient for his protection that he acts in good *99 faith, and, if the act of the executor or trustee is justified by the terms of the power, the party dealing with him will be protected. ”
A party who deals with a trustee in the purchase from him of trust securities is bound to look into the trust agreement to ascertain the power of the trustee. If he finds there merely a general power to change securities or vary investments, or if such power can fairly be implied from the nature of the trust or terms of the agreement, he will then be protected in taking a transfer of such securities, if he acts in good faith, whatever the result may be to the trust estate. But, if the power which is found in the trust agreement is limited by a condition like the one found in this case, the party is chargeable with notice of such limitation as a part of the power itself.
There was, therefore, no legal transfer of this mortgage to the plaintiff unless Madame Von Linden consented in writing to such transfer. Mo consent-was given by her in express terms, but it is claimed that a-consent sufficient to answer the condition in the trust agreement was contained in her letters written to the trustee before and after the transfer, in 'view of the circumstances disclosed by the evidence.. Having considered carefully all the correspondence and circumstances upon which this claim was based, we áre unable to see that the claim is well founded.
Mídame Von Linden had no knowledge that the mortgage had been transferred until long after the assignment had been made and the money paid therefor had been received by the trustee. Upon the receipt of the money, the trustee misappropriated the same, without the knowledge or consent of Madame Von Linden. The next day after he received the money, he purchased another mortgage, paying $25,000 for it, and took this mortgage in his own-name; and when, between four or five months later, he sold this new mortgage, he deposited the money received therefor to his own credit in his private account, and mingled it with other funds in his hands; and there is no claim made that this money was again separated from such other funds in his hands until two months later, when he sent $25,000 to the Stuttgart banker. Madame Von Linden was never notified by the trustee in express terms, that the mortgage in suit had been sold or transferred or converted into money, and it is only sought to establish such knowledge on her part or notice to her of the transfer by the accounts and lists of mortgages sent to her by the trustee long after the transfer had been made, Tlte.sc papers would not have been likely to draw her attention to the transfer, and we do not think it can be said under these circumstances that she ever gave her consent to the transfer which was fairly required by the trust agreement.
The only remaining question is whether the plaintiff has any equity in the mortgage which entitles him to hold and enforce it until the money which he lias paid to the trustee therefor is returned to him. This equity, if any exists, must be based upon a finding of fact that the trust estate actually received and had the benefit of the $25,000. In absence of this finding, no such eqiiity *100 would exist. The trial court refused to find the fact, as alleged, that the $25,000 received from the plaintiff for the mortgage in suit was the same money which was six months later remitted to the Stuttgart banker. In this, we think, the court was correct. The money so received from the plaintiff was at once misappropriated by the trustee, and was not returned to the trust estate. When so misappropriated, it entirely lost its identity. It could no more be said that the money remitted to the Stuttgart banker was the money paid by the plaintiff to the trustee than that it was the money derived by the trustee from the other trust property which he had disposed of, and the proceeds of which he had also misappropriated to a considerable amount. It cannot be said that, the trust estate received and had the benefit of plaintiff's money by reason of this remittance any more than it received and had the benefit of other moneys derived from tne disposition of the trust estate and misappropriated by the trustee. The object of this provision in the trust agreement was to protect the estate against misconduct on the part of the trustee, and misappropriation of its funds, by requiring Madame Yon Linden to consent to any change of securities or varying of investments, and therefore to-know when they occurred, and be able to look after and require the trustee to account for any moneys received from securities so disposed of; and its further purpose was to prevent any sale of securities, and the misappropriation by the trustee thereof, which he might be guilty of in the absence of knowledge on the part of Madame Von Linden. It is true that the plaintiff, though legally churgeable with knowledge and notice of the condition in thetrnst agreement as to the written consent of Madame Von Linden, did not in fact know of it, and had no knowledge or suspicion of any design on the part of the trustee to misappropriate the money so paid over to him. The plaintiff has lost his money, and might have some equity but for the consideration that the equity of the trust estate is equally strong. It has never received the moneys paid upon, the transfer of mortgage to plaintiff, and ought not to-lose the mortgage itself. The loss must fall upon one of the parties. It should manifestly be borne by the plaintiff, who . was guilty of negligence in not discovering the condition in the trust, agreement, rather than by the trust estate, which has been free from any negligence in the matter.
The conclusion to which we arrive is that the judgment should-be affirmed, with costs.
All concur.