MARY E. GULICK, as Executrix of ISAAC F. JONES, Deceased, Appellant, *v.* JOHN C. GRISWOLD, Respondent.

1. POWERS — EXECUTION OF POWER DEPENDENT UPON CONSENT OF THIRD PERSON. The pre-existing rule, that where a power was to be executed with the consent of third persons the death of one of such persons before consent given rendered the execution of the power impossible, applies where the death of the third person occurred prior to the passage of the Real Property Law (L. 1896, ch. 547).

2. TERMINATION OF POWER OF SALE REQUIRING CONSENT OF THIRD PERSON. Where the will of a testator who died in 1870 authorized the executrix, with the consent of her mother, they being joint life tenants, to sell the real estate, and the mother died in 1875, without having given her consent to a sale, the mother's death operated to terminate the power of sale, and it could not thereafter be exercised by the executrix.

3. REAL PROPERTY LAW. Section 154 of the Real Property Law is not retroactive.

*Gulick* v. *Jones*, 14 App. Div. 85, affirmed.

(Argued October 9, 1899; decided October 17, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1897, in favor of the defendant, upon submission of a controversy between the vendor and vendee of premises in the city of New York.

The case agreed discloses the following facts:

The plaintiff's testator, Isaac F. Jones, died in December, 1870, seized of the premises known as No. 331 West Twenty-second street, in the city of New York, and leaving him surviving his widow, a daughter (the plaintiff), and two children of a deceased son. Both the widow and the daughter were of full age, and the grandchildren, who were then minors, are now of full age. His will was duly admitted to probate as a will of real and personal estate by the surrogate of the county of New York in January, 1871, and was recorded in the surrogate's office. After directing the payment of debts and testamentary charges out of the personal estate and making certain bequests the will devised and bequeathed the residue of

the estate, both real and personal, to the testator's wife and daughter and to the survivor of them, to be used and enjoyed by them, share and share alike, during their natural lives, and upon the death of the survivor to go to certain persons designated. These provisions were followed by this clause: "*Fourth.* I hereby authorize and empower my executrix hereafter named, if in her judgment she deems it expedient, with the consent of her mother, to sell all or any of my real estate at public or private sale," and to invest the proceeds. The will then nominated the testator's daughter as executrix, and letters testamentary were duly issued to her.

The widow died in August, 1875. On April 4, 1896, the daughter, as executrix of the will of her father, contracted to sell the above-mentioned premises to the defendant, who refused to take title on the ground that the consent of the testator's widow is a condition precedent to the exercise of the power of sale in the will.

The plaintiff demanded judgment that the defendant be directed to perform specifically the contract of sale. The defendant demanded to be relieved from performance on the ground that the plaintiff is unable to convey a good and marketable title to the premises under the power of sale in the will unless the testator's widow consent, and that such consent is unattainable by reason of her death.

The Appellate Division rendered judgment in favor of the defendant, and the plaintiff appealed to this court.

*Franklin Pierce* for appellant. In the light of the circumstances of the testator's estate at the time of his death, and in the light of the provisions of the whole of his will, it is clear that it was the intent of the testator to allow his executrix to sell the premises at any time, if in her judgment she deemed it expedient; but if sold during the lifetime of her mother, the consent of the mother was necessary. (*Toller* v. *Toller*, 14 Am. Dec. 576; *Wilkinson* v. *Buist*, 10 Am. St. Rep. 588; *Cotton* v. *Burkelman*, 142 N. Y. 160; 2 Washb. on Real Prop. 718; 29 Am. & Eng. Ency. of Law, 372; *Starr*

v. *Starr*, 132 N. Y. 158; *Matter of Miner*, 146 N. Y. 131; *Phillips* v. *Davies*, 92 N. Y. 199; *Kimball* v. *Chappell*, 27 Abb. [N. C.] 437, 440; *Leeds* v. *Wakefield*, 10 Gray, 514; *Hamilton* v. *N. Y. S. E. Bldg.*, 20 Hun, 88; *House* v. *Raymond*, 3 Hun, 44; *Odell* v. *Youngs*, 64 How. Pr. 56.) In the Appellate Division the learned chief justice, in arriving at his decision, relied upon the case of *Barber* v. *Cary* (11 N. Y. 397). At the time the opinion was written that case was no longer the law of the state, but its force and validity had been done away with by an express statute. (L. 1896, ch. 547, § 154; 1 Thomas on Law of Estates, 971; *Kissam* v. *Dierkes*, 49 N. Y. 602; 11 Am. & Eng. Ency. of Law, 522, 523.)

*Herbert A. Shipman* for respondent. A valid exercise of the power of sale has become impossible since the mother's death. (*Kissam* v. *Dierkes*, 49 N. Y. 602; *Barber* v. *Cary*, 11 N. Y. 397.)

PARKER, Ch. J. Isaac F. Jones by his will authorized the executrix thereof, with the consent of her mother, to sell his real estate. Jones died in 1870, the mother of the executrix died in 1875, without having given her consent to a sale, and in 1896 the executrix attempted to exercise the power. The Appellate Division correctly decided that, at the time of the death of the mother, it was the law of this state that her death operated to terminate the power of sale. (*Barber* v. *Cary*, 11 N. Y. 397.)

The contention of the appellant that section 154 of the Real Property Law (L. 1896, ch. 547) establishes that it is now the law that, notwithstanding the death of the mother, the power of sale survived and was properly executed, is not well taken in this case, as the statute was not passed until long after her death, and there is nothing in its provisions suggesting that it was intended to have a retroactive affect.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.