In re MURRAY. (Supreme Court, Appellate Division, Second Department. October 21, 1902.) In the matter of the judicial settlement of the account of William K. Murray, as executor, etc., of Michael Welsh, deceased.

PER CURIAM. Order resettled, so as to allow the respondents their disbursements and one bill of costs, and so as to allow the special guardian for the appellants his disbursements and $50 compensation for the argument of the appeal, all payable out of the estate. In order to carry this decision into effect, the surrogate's court of Queens county is requested to return the remittitur. See 78 N. Y. Supp. 165.

---

NATIONAL CASH REGISTER CO., Respondent. v. GAUL, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by the National Cash Register Company against James P. Gaul. D. E. Lynch, for appellant. Perkins & Butler, for respondent.

GILDERSLEEVE, J. The facts are conceded. The action is in replevin to recover a certain cash register, or the value thereof, which is conceded to be $225. On November 1, 1900, plaintiff sold to one Barrett the said register under a conditional contract of sale,

by which the title was to remain in plaintiff until said Barrett had fully paid for the said chattel. Barrett has never paid any portion of the contract price. On April 12, 1901, said Barrett was adjudged a bankrupt. On May 14, 1901, the conditional contract of sale was filed in the office of the register of this county. On May 24, 1901, the trustee in bankruptcy of said Barrett had an auction sale of the goods of said bankrupt, and the cash register was sold to defendant. Plaintiff duly demanded the return of said chattel, which was refused, and then brought this action. The municipal court justice gave judgment for the plaintiff. Defendant appeals. The plaintiff was not represented at the sale in question, nor had its officers or agents any knowledge of the same. It is clear from the terms of the conditional contract of sale of November 1, 1900, that no title vested in Barrett, by reason of his failure to pay any portion of the purchase price. The trustee of Barrett could take no better title than Barrett had himself. Kissam v. Dierkes, 49 N. Y. 602; In re Kellogg, 112 Fed. 52, 7 Am. Bankr. R. 270; In re Bozeman, 2 Am. Bankr. R. 809; In re McKay, 1 Am. Bankr. R. 292; In re New York Economical Printing Co., 49 C. C. A. 133, 110 Fed. 514, 6 Am. Bankr. R. 615; Colly. Bankr. 456, 462. It is evident, therefore, that the trustee had no title to convey to defendant. The conditional contract of sale had been, as we have seen, at least 10 days on file in the register's office before the sale to defendant took place. It is true that a conditional vendor, entitled to take the property on breach of conditions, loses this right as against a third person acquiring possession from the vendee without notice of the conditions, if he is guilty of laches in the assertion of his right (6 Am. & Eng. Enc. Law [2d Ed.] 484); but we do not think the laches shown in the case at bar are fatal to the judgment. The judgment should be affirmed, with costs. Judgment affirmed, with costs. All concur.