Although the question is not raised, it is proper to suggest that the person nominated in the petition for appointment as administrator, not being of the next of kin or a creditor of the deceased, is not entitled to such appointment in preference to the county treasurer, who is the public administrator, without being joined with others who have a right to such appointment prior to the public administrator. Code Civ. Proc. § 2660.

The decree of the Surrogate's Court should be reversed, and the matter remitted to that court for a rehearing and its further action thereon.

SPRING and WILLIAMS, JJ., concur. ROBSON, J., dissents. McLENNAN, P. J., dissents upon the grounds stated in dissenting opinion in the case of Peters v. Tallchief (decided at this term of court) 106 N. Y. Supp. 64.

---

(121 App. Div. 491.)

WELLS v. BROOKLYN UNION ELEVATED R. CO. et al. (No. 1.)

(Supreme Court, Appellate Division, Second Department.  October 4, 1907.)

1. POWERS—RIGHTS TO SELL REALTY—DURATION—EXTINGUISHMENT.

Where testatrix devised all her real estate to a trustee, empowering him, with her son's consent, to sell it, but did not dispose of the corpus, the power of sale and the trust ended with the son's death, and, no sale having been made during his life, the land thereupon passed to his heirs, so that defendant railroad company acquired easements therein as against these heirs by condemnation proceedings instituted after the death of the son.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Powers, §§ 26–29.]

2. SAME—STATUTES—RETROACTIVE OPERATION.

Real Property Law, Laws 1896, p. 583, c. 547, § 154, providing that, where the consent of two persons to the execution of a power is requisite and before its execution one dies, the consent of the survivor is sufficient, unless otherwise prescribed by the power, is not applicable when the death occurred prior to the passage of the act.

Appeal from Special Term, Kings County.

Action by Oliver J. Wells against the Brooklyn Union Elevated Railroad Company and another to restrain defendants from maintaining and operating their elevated railroad on Myrtle avenue, Brooklyn, in front of plaintiff's abutting lot. From a judgment granting the injunction, unless the defendants pay to plaintiff a specified sum as damages, defendants appeal. Modified and affirmed.

The action was brought to obtain a perpetual injunction against the defendant to restrain it from maintaining and operating its elevated railroad on Myrtle avenue, Brooklyn, in front of the plaintiff's abutting lot. The judgment grants the injunction unless the defendant pay to the plaintiff a specified sum as damages.

The defendant claims that the judgment should be modified by reducing the damages to two-fifths thereof, on the ground that it acquired three-fifths of the easements in question by condemnation proceedings in 1893. It did acquire the interest therein of three of the five children of Herbert Fearn, if title to the lot was in the said five children at that time. The said Herbert Fearn died in 1892 leaving the said children as his only heirs at law. His

mother died in 1881 the owner of the said lot and other lots, and leaving him her sole heir. The second clause of her will is as follows: "I direct that my real estate shall be sold by my trustee hereinafter named at such time or times as he may deem most beneficial to my estate, but at private sale only and on the conditions hereinafter stated, and that said estate be converted into money." By the third clause she devised all of her real estate to Jerry A. Wernberg, "in trust nevertheless for the purpose of letting or leasing any part or the whole of said property for no longer than one year at any one letting, and to receive the rents, issues and profits thereof and therefrom, to pay taxes, assessments, insurance premiums and such expenses as are necessary to protect and preserve the same, to pay the interest due or to become due on any and all mortgage liens on said property; from the surplus rents, if any there should be, to pay one-half of the principal of the mortgage, and the other half to Herbert Fearn, until the same shall be sold." The fourth clause confers on the said trustee a power to sell or mortgage all or any part of the real estate "during the continuance of this trust, and to execute any contract, deed, conveyance or mortgage sufficient to convey the title or encumber the property when my said son approves of the terms of the conveyance, and only then, such approval to be evidenced by his becoming a subscribing witness thereto." The corpus is left undisposed of by the will. No sale was made in Herbert Fearn's lifetime. After his death the trustee and also his said five children conveyed the lot to the plaintiff, but after the said condemnation proceedings of the defendant by which it acquired the easements of the said lot in Myrtle avenue of three of the said children

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Chas. L. Woody, for appellants.
Cyrus W. Washburn, for respondent.

GAYNOR, J. While the first clause of the will contains an imperative direction to sell the real estate, and standing alone would convert the realty into personalty, it is modified by the next two clauses, which make such sale depend on the discretion and consent of Herbert Fearn. It cannot take place at all except by his consent. The corpus is left undisposed of by the will. The trust created is to collect the rents and pay expenses, and use one half the net income to pay off the mortgage on the land and pay the other half over to Herbert Fearn until the land should be sold by his consent. If he do not consent, the power of sale must end with his life. The trust must also end then, for it is only for his benefit, and also only an incident of the power of sale. The power of sale does not survive for the purpose of a distribution, for the corpus is not disposed of or distributed by the will. If the will manifested an intention of the testator that there should be in the end, and at all events, a sale and distribution, then we would have a very different case; the power of sale would have to survive to save the intention and scheme. The cases of Barber v. Cary, 11 N. Y. 397, Kissam v. Dierkes, 49 N. Y. 602, and Gulick v. Griswold, 160 N. Y. 399, 54 N. E. 780, therefore apply. Section 154 of the real property law (Laws 1896, p. 583, c. 547) is not to be considered as it is not retroactive (Gulick v. Griswold, supra); and, besides, title was vested in the defendant before the said section was passed.

The case is one which a trial judge may consider difficult and extraordinary, and the extra allowance was properly granted.

The judgment should be modified by reducing the amount of damages to two-fifths thereof, and the allowance proportionately.

Judgment modified by reducing the amount of damages to two-fifths of the sum allowed, with a proportionate reduction of the extra allowance, and, as modified affirmed, without costs. All concur.