The judgment should be modified by reducing the amount of damages to two-fifths thereof, and the allowance proportionately.

Judgment modified by reducing the amount of damages to two-fifths of the sum allowed, with a proportionate reduction of the extra allowance, and, as modified affirmed, without costs. All concur.

---

### WELLS v. BROOKLYN UNION ELEVATED R. CO. et al.   (No. 2.)

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

Appeal from Special Term, Kings County.

Action by Oliver J. Wells against the Brooklyn Union Elevated Railroad Company and another.  From a judgment for plaintiff, defendants appeal.  Modified and affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

PER CURIAM.   Judgment modified by reducing the amount of damages to two-fifths of the sum allowed, with a proportionate reduction of the extra allowance. and, as modified, affirmed, without costs, on the authority of Wells v. Brooklyn Union Elevated Railroad Company and Another (decided herewith) 106 N. Y. Supp. 77.

---

### PHILLIPS v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

Appeal from Special Term, Kings County.

Action by John F. Phillips against the Brooklyn Union Elevated Railroad Company and another.  From a judgment for plaintiff, defendants appeal.  Modified and affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

PER CURIAM.   Judgment modified by reducing the amount of damages to two-fifths of the sum allowed, with a proportionate reduction of the extra allowance, and, as modified, affirmed, without costs, on the authority of Wells v. Brooklyn Union Elevated Railroad Company and Another (decided herewith) 106 N. Y. Supp. 77.

---

### HILLEBRECHT v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

Appeal from Special Term, Kings County.

Action by John C. Hillebrecht against the Brooklyn Union Elevated Railroad Company and another.  From a judgment for plaintiff, defendants appeal.  Modified and affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

PER CURIAM. Judgment modified by reducing the amount of damages to two-fifths of the sum allowed, with a proportionate reduction of the extra allowance, and, as modified, affirmed, without costs, on the authority of Wells v. Brooklyn Union Elevated Railroad Company and Another (decided herewith) 106 N. Y. Supp. 77.

(54 Misc. Rep. 484.)

### DEXTER v. WATSON et al.

(Supreme Court, Special Term, New York County. May, 1907.)

**1. WILLS—CONSTRUCTION.**

Testator provided that his executors should retain and invest a certain portion of his estate for the benefit of his grandchildren living at his decease, or who should be born thereafter, and that during the life of either his daughter M. or the youngest of his grandchildren the income of one of the shares of such portion of his estate should be paid to each grandchild until his daughter M. and the youngest of his grandchildren should die, at which time the executors were to transfer to each of the survivors of his grandchildren and the issue of any who may have died the principal of one of such shares. In other provisions of his will, except in the above clause, testator had provided that, on the death of the beneficiary without issue, his share should vest in the survivors. *Held*, that the share of a deceased grandchild who died after testator and without issue should be treated as vesting in the surviving beneficiaries named in the clause.

**2. PERPETUITIES—SUSPENSION OF ALIENATION.**

Where testator created a trust fund to be payable to his grandchildren on the death of his daughter and that of the youngest of his grandchildren, there was no unlawful suspension of the power of alienation; the trust being limited to not more than two lives in being.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

**3. TRUSTS—DUTY OF TRUSTEE.**

It is the duty of a testamentary trustee to provide a fund from the income to protect the principal of the trust fund against depreciation through investment at a premium.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 392.]

Action by Stanley W. Dexter against Maria L. Watson and others to construe a will. Judgment rendered.

H. L. Johnson, for plaintiff.

Joseph H. Choate, Jr., for defendant Mabel Watson.

Holmes, Rapallo & Kennedy, for defendants Adele Watson, Walter W. Stokes, and Walter C. Stokes.

James Anderson Hawes, for Maria L. Watson, John Hall Watson, Cyrus R. Watson, Elizabeth R. Watson, Annie E. Packard, and Bridget Powers.

George S. Hamlin, for Marie L. Watson.

Frederick W. Murphy, for Hugo S. Mack, guardian ad litem for defendant John Hall Watson, 3d.

LEVENTRITT, J. John Hall Watson, deceased, in making provision in his will for his grandchildren, used this language:

"[Clause 5.] My said executors shall retain, lease and invest and keep leased and invested the remaining equal one twelfth part of said sixty six and