GUARANTY TRUST COMPANY, Plaintiff, *v.* DORIS LEWIS, Defendant.

Supreme Court, Special Term, New York County, April 13, 1937.

*Stern & McGivney,* for the plaintiff.

*Daniel Shirk,* for the defendant.

CALLAHAN, J. This is an action for an accounting brought by the trustee of an *inter vivos* trust. The trust was created by an instrument in writing dated January 16, 1924. The settlor placed certain securities in the hands of plaintiff as trustee, the income to be paid to the settlor during her natural life. The instrument further provided that upon the death of the settlor the trustee was to set aside for settlor's granddaughter from the property and securities then in its possession the sum of $5,000 in money or securities or property or both, upon the same terms and conditions as were set forth with reference to the trust in favor of the settlor. The income from said second trust was to be paid to the granddaughter, defendant Doris Lewis, during her minority. Upon her reaching her majority she was to receive the property or securities so held.

The only provision in the trust agreement with respect to the right of sale is contained in the following clause: " The trustee is likewise hereby authorized and empowered from time to time to invest and reinvest such property and securities with full power of sale in connection therewith, in such securities as it may deem suitable for the trust, and shall not be restricted to securities of the character authorized by the laws of the State of New York for trust investments, such power of sale, however, to be exercised only subject to the consent of the said party of the first part."

Settlor died in February, 1924. Thereupon the trustee set aside for the granddaughter $5,000 par value Great Northern seven per cent mortgage bonds which had been part of the corpus of the original trust. Thereafter, in October, 1924, and November, 1927, the trustee sold these bonds and substituted other securities therefor.

Doris Lewis has reached her majority. She now moves for summary judgment upon a counterclaim which asserts that such sale was illegal. The parties stipulated that the Great Northern bonds paid interest at the rate of seven per cent in each year from 1924 to 1936, inclusive, and that in July, 1936, said bonds were redeemed at their par value.

The facts are not disputed. The sole question involved is one of the construction of the trust indenture with respect to the power of sale. Plaintiff contends, *first*, that the right to sell these securities is to be implied from various provisions of the trust agreement, and, *second*, that such right exists by reason of certain statutory provisions.

A reading of the agreement compels a finding that the parties intended to have the securities initially set up in the trust continue therein unless a sale thereof be made with the consent of the settlor. I find no implied power of sale in the trustee alone from the language used in the instrument. The provision that at the time

the second trust was being set up the trustee might use cash or securities indicates that the parties intended by such provision to permit a selection of cash or securities on hand and not cash obtained by the sale of securities. Though plaintiff in its brief raises some contention with respect to the power to sell in an emergency there are no facts set forth in the affidavits showing the existence of an emergency. Under the common law, upon the death of the person whose consent was required the power of sale expired. (*Kissam* v. *Dierkes,* 49 N. Y. 602; *Barber* v. *Cary,* 11 id. 397; *Gulick* v. *Griswold,* 160 id. 399.)

The statutory provisions which plaintiff contends apply are found in sections 166 and 174 of the Real Property Law which are also applicable to trusts relating to personal property. Section 166 provides that, where a power of sale is vested in two or more persons, all must unite in its execution, but if, before its execution, one or more such persons dies, the power may be executed by the survivor or survivors. This statute in substantially the same form has been in existence in this State since 1829. It was in existence, therefore, when the case of *Kissam* v. *Dierkes (supra)* was decided. The section, however, has no reference to the instant situation, for the reason that the power to sell here is not vested in two persons but in one person who may exercise that power with the consent of another.

Section 174 of the Real Property Law provides in substance that where a consent of two or more persons to the execution of a power is requisite, all must consent thereto, but if, before its execution, one or more of them die, the consent of the survivor is sufficient unless otherwise prescribed by the terms of the power. It is plain that this statute would have no application to the instant situation unless the donee of the power was intended by the terms of the statute to be included among the persons who consent to the execution of the power within the meaning of the statute.

A reading of this section in conjunction with others in the article in which it is contained convinces me that the Legislature did not intend to include the donee of the power among those referred to as the persons whose consent was required to the execution thereof. In other words, neither of the sections above mentioned refer to a situation where a power is given to one person to be exercised upon the consent of one other person. Nor do I find anything in the authorities which indicates that a different construction was placed on section 174 in the past. In *Gulick* v. *Griswold (supra)* the Court of Appeals said that this section (then section 154) did not apply to the case before it, because the section was not passed

until after the death of the person whose consent was required and the statute was not retroactive. True, the court might have gone further and said that it would not cover the case under consideration even if retroactive, but the failure to say this should not be construed as indicating how it would have construed the statute if applicable. The appellant in its brief to the Court of Appeals contended that the case of *Barber* v. *Cary* (*supra*) did not apply, because the statute had changed the law laid down in that case. The court merely decided that the statute had no application.

*Weeks* v. *Frankel* (197 N. Y. 304) has no application. Plainly, the present section 166 would apply to the situation there involved. It is not clear why the court discussed section 154 (now section 174).

In *Wells* v. *Brooklyn Union Elevated R. R. Co.* (121 App. Div. 491; affd., 193 N. Y. 641) the Appellate Division likewise indicated that this statute was not retroactive. There title was vested in defendant before the section was passed and the court did not construe it for the simple reason that it could not apply.

In *Loeb* v. *Hasslacher* (209 App. Div. 58) Mr. Justice FINCH, writing for the court, did not consider the effect of section 174, but said that the will involved must be construed as providing that the survivor could convey. The language used by the testator in that case showed that he was creating a power of sale in both executors and not a power in one and a naked consent in the other. Such a situation clearly did not come within section 174.

These cases, therefore, are merely instances where the courts found no occasion to construe the section presently under consideration.

To hold that a case where a power of sale is limited by the requirement of the consent of a single designated person is so affected by this statute as to eliminate the necessity for consent upon the death of the person so designated does violence to the language used in the statute and in this case would do equal violence to the plain intention of the donee of the power. It was plainly the intention here that the securities selected by the settlor would remain in the trust unless she consented to a sale. The sale made after her death must be held unauthorized and judgment awarded defendant accordingly.

Settle order, which may provide for proceedings to fix the amount of loss suffered if the parties are not in accord with respect thereto.