S. Samuel Di Falco, S.
In this proceeding to settle the intermediate account of the trustee, the petitioner requests instructions relating to power to sell certain shares of stock which had been owned by the testator and are still held by the trustee. The present value of these shares of stock represents more than 90% of the total trust assets. In article fifth of the will, the testator directed that the trustee ‘1 shall not sell any stock that I may own in the American Air Filter Company, Inc. * * * without the consent in writing of my wife, Mildred Cox Reed, or after the death of my wife * * * the consent in writing of my daughter, Virginia R. Johnson.”
The trust is for the primary life use of the widow. During her lifetime, the entire income is to be paid to her. After her death, the income is payable to the daughter. On the death of both, the corpus will pass to the issue of the daughter, or in default of issue, to certain collateral relatives. Both income beneficiaries are living, but the widow has been adjudged to be incapable of managing her affairs. The question is whether the trustee may alone make a decision on sale of the shares during the widow’s incompetency or the power to consent to the sale is vested in the daughter during this period.
Under the terms of the will the daughter has neither a present right to income nor a presently exercisable power to consent to the sale of the stock. Her financial interests, and the considerations affecting them, are quite different from those of the widow. The trustee has not been given any power to sell the specified shares without the consent in writing of the then income beneficiary. It is to the income beneficiary that the power of decision is given. The testator must have understood that the income beneficiary might exercise that power to promote her own interest and without regard to later beneficiaries. Nonetheless, the will explicitly gives that power to the person receiving the income. There is, therefore, no basis for construing this will to vest the power in the daughter during the period when the widow has the right to all of the income.
Nor is it possible to construe the will as giving the trustee sole power of decision during the widow’s incompetency. This testator intended to withhold the power of sale from the trustee during the lives of the two beneficiaries. It is true that in respect of a power granted to a beneficiary or reserved by a grantor, there are decisions that “ an adjudication of incompetency [has] an effect equivalent to the death of the holder of the power ”, and that in such cases the trustee may act without regard to the grant of the power (Matter of Erwin, 117 N. Y. S. 2d 871, 873; Matter of Buchanan, 142 N. Y. S. 2d 502, 504). In *307 those cases, however, the nature of the power, the text of the instrument and the surrounding circumstances permitted such a construction. The effect of death or incompetency of the donee of the power must in each case depend upon the intent of the testator as manifested in his will. (Loeb v. Hasslacher, 209 App. Div. 58, 59.) The nature of this power and the text of this will do not justify a construction which would ignore the considerations which might move an income beneficiary to grant or withhold consent to the sale and would require the trustee to base its decision upon general principles of trust administration.
Under the circumstances which have occurred, strict compliance with the terms of the trust has become impossible. There is no contention that the shares should be now sold or that the conditions under which it can be sold should be determined. The present question is merely who shall make the decision? To say that the decision does not rest solely with the trustee or with the secondary income beneficiary is not to say that the shares cannot be sold. Power to deviate from the terms of the trust rests with the court. ‘ ‘ Where it is impossible to interpret the trust instrument as permitting the trustee to do the act desired, the court may nevertheless permit the act under proper circumstances. In such a case the court exercises its jurisdiction to control the administration of the trust, not by holding that the trustee has power but by conferring power upon him.” (2 Scott, Trusts [2d ed.], p. 1168.) If it shall hereafter appear to the trustee that a sale of the shares may be necessary, or that a sale may become necessary if certain circumstances shall develop, appropriate application may be made to the court. All parties will then have an opportunity to be heard.